IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED
SEP 02 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

P.M. a minor, by and through her parent,
Terpsehore Maras,

    Plaintiffs,

v.                              Civ. No.

MAYFIELD CITY SCHOOL DISTRICT
BOARD OF EDUCATION; DR.
MICHAEL J. BARNES, in his individual
capacity and in his official capacity as
Superintendent of the Mayfield City School
District; and RON FORNARO, SUE
GROSZEK, AL HESS, GEORGE J.
HUGHES, and JIMMY TERESI, all in their
individual capacities and in their capacities
as members of the Mayfield City School
District Board of Education,

    Defendants.

## [PROPOSED] TEMPORARY RESTRAINING ORDER

This matter is before the Court upon Plaintiff's *Ex Parte* Application for the following: 1) a temporary restraining order to vacate and set aside the Mayfield City School District Board of Education's mask mandate as well as any other action taken by the Mayfield City School District Board of Education (the "School Board" or the "Board") to institute the mask mandate and implement the provisions of the mask policy; 2) a temporary restraining order enjoining the School Board, its supervisor, Board members, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing the School Board's mask policy and from taking any other action to implement the masking policy that is not in compliance with applicable law; 3) a temporary order restoring the status quo, which means the mask mandate is vacated; 4) an order to show cause why a preliminary injunction should not

issue; and 5) an order authorizing expedited discovery against the Defendants. The School District has already begun classes and this Plaintiffs respectfully request that the Court consider its Motion for Temporary Restraining Order as soon as possible, since irreparable harm has already commenced.

Plaintiffs, move *ex parte* pursuant to 15 U.S.C. § 1116, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restoring the status quo by restraining the Mayfield City School District Board of Education, from adhering to the decision of the Superintendent of the School District requiring universal masking of the students and employees. Because Plaintiffs have satisfied the requirements for the issuance of a temporary restraining order, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that said Motion is GRANTED.

### Preliminary Statement/Introduction

The Superintendent of the Mayfield City School District on August 21, 2021, without obtaining any input from Plaintiffs, sent an e-mail to Mayfield teachers, staff, parents, students and community mandating face masks in all school buildings for all students, teachers, staff and visitors in grades Pre-K-12, effective August 23, 2021.

As shown herein, the School Board, Board Members, and Superintendent have violated Substantive and Procedural Due Process, violated the requirements of its own Policy Manual, and exceeded the scope of its authority.

The Defendant's actions have harmed and will continue to irreparably harm Plaintiffs by subjecting Plaintiff P.M. to an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response,

with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase.

The entry of a Temporary Restraining Order is in the public interest, and will not harm the children, adults and the community. It will provide an opportunity to gather scientific and medical information as well as a measured review of this critical health and safety issue, instead of a last-minute unannounced, and uninformed decision by the School Board in contradiction to the established and required Board Policy Manual and other governing law.

By enjoining this plan, the Court will restore the status quo through upholding the Constitutional safeguards of notice and hearing before the School Board may attempt to change a School District Policy, as well as rational decision making. Irreparable harm will ensue if the safety of all in attendance in the school and the surrounding communities and families are not protected by the status quo through the Court's vacating the School Board's mask mandate.

Plaintiffs seek limited relief: for the Court to return the Status Quo of not requiring universal masking as was directed by the Superintendent of the Mayfield City School District on August 21, 2021 and subsequently affirmed by the School Board at its August 25 meeting.

## The Parties

1. Plaintiff P.M. is a minor child who resides in Mayfield City School District ("MCSD"), in Cuyahoga County, Ohio. Plaintiff P.M. is and was at all times relevant hereto a student at a Mayfield City School District public school. Suit is brought herein on P.M.'s behalf by her mother, Plaintiff Terpsehore Maras, an adult individual who is a resident and taxpayer in the Mayfield City School District, in Cuyahoga County, Ohio. Plaintiff Terpsehore Maras is the parent of Plaintiff P.M.

2.  Defendants are the Mayfield City School District Board of Education (the "School Board" or the "Board"); Dr. Michael J. Barnes, the Superintendent of the Mayfield City School District; and the five members of the Board - Ron Fornaro, Sue Groszek, Al Hess, George J. Hughes, and Jimmy Teresi.

### Jurisdiction

This Court has jurisdiction over this action to enjoin the Mayfield City School District from actions that violate the United States Constitution, as well as the Plaintiffs' civil rights under 42 U.S.C. Section § 1983, under 28 U.S.C. §1331, §1343(a)(3) and Plaintiffs' claims under the Ohio Constitution pursuant to 28 U.S.C. §1367.

### Injunctive Relief

1.  As set forth above, Defendants have breached its legal obligations to Plaintiffs and all similarly situated students by instituting a mask mandate while acting outside its legal authority, without proper notice, without consideration of required information including reliance interests and facts, and acting arbitrarily and capriciously.

2.  Plaintiff and all similarly situated children enrolled in Mayfield City School District schools have suffered and will continue to suffer immediate and irreparable harm unless Defendants' implementation of the mask mandate is vacated and set aside. Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase.

3. No adequate remedy at law exists to redress Plaintiffs' injuries, since monetary damages will neither compensate for the harm nor compel Defendants to set aside their illegal implementation of the universal masking policy.

4. There is a substantial likelihood that Plaintiffs will succeed on the merits.

5. The harm to Plaintiff and all other students, teachers, staff and administration if injunctive relief is denied substantially outweighs the potential harm to Defendants as a result of the injunction. The balance of equities between the parties supports an injunction, as Plaintiffs stand to suffer immediate and severe harm, whereas Defendants stand to suffer no harm.

6. The public interest is best served by enjoining and restraining Defendant's unlawful and improper conduct and protecting the status quo by prohibited Defendants from implementing a mask mandate.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that said Motion is GRANTED.

IT IS ORDERED that Defendants' implementation of the universal masking policy established by the Superintendent on August 21, 2021 is hereby VACATED to restore the status quo. This Order shall remain in effect until further Order of this Court.

IT IS FURTHER ORDERED that Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, are ENJOINED from implementing or enforcing the institution of the above-referenced universal masking policy and from taking any other action to rescind that policy that is not in compliance with applicable law.

IT IS FURTHER ORDERED that the Universal Masking Policy implemented on August 21, 2021 is VACATED.

IT IS FURTHER ORDERED that Defendants, or any one of them, are to show cause why a preliminary injunction should not issue on or before September 9, 2021.

IT IS FURTHER ORDERED that Plaintiffs shall serve discovery, including deposition notices, on Defendants on or before September 6, 2021.

IT IS FURTHER ORDERED that Defendants shall respond to any served discovery, including making themselves and their corporate representatives available for deposition on or before September 13, 2021.

IT IS FURTHER ORDERED that NASD and the School Board shall immediately notify the entire School District by all means possible that universal masking is required.

IT IS SO ORDERED.

_____, J.