*Sent via email 9/9/21*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED
SEP 10 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

P.M. a minor, by and through her parent,
Terpsehore Maras,

    Plaintiffs,

v.

MAYFIELD CITY SCHOOL DISTRICT
BOARD OF EDUCATION; DR.
MICHAEL J. BARNES, in his individual
capacity and in his official capacity as
Superintendent of the Mayfield City School
District; and RON FORNARO, SUE
GROSZEK, AL HESS, GEORGE J.
HUGHES, and JIMMY TERESI, all in their
individual capacities and in their capacities
as members of the Mayfield City School
District Board of Education,

    Defendants.

Civ. No. 1:21-CV-1711

Hon. Solomon Oliver, Jr. U.S.D.J.

**PLAINTIFF'S REPLY BRIEF TO MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

MAY IT PLEASE THE COURT:

Plaintiffs, P.M. a minor, by and through her parent, Terpsehore Maras, *pro se*, hereby file this Reply to Defendants 'Memorandum in Opposition to Plaintiffs 'Motion for Temporary Restraining Order and allege and aver as follows:

**LAW AND ARGUMENT**

**A. THE MOTION FOR TEMPORARY RESTRAINING ORDER AND THE MOTION TO DISMISS ARE SEPARATE MOTIONS THAT THE COURT SHOULD BIFURCATE. THE PENDING MOTION FOR A TEMPORARY IS THE ONLY MOTION PROPERLY BEFORE THE COURT.**

Pursuant to Fed. R. Civ. P. 65(b), Plaintiff's Temporary Restraining Order is properly before the Court. Defendants 'have filed a Memorandum in Opposition to Plaintiffs 'Motion for

1

Temporary Restraining Order **AND** Defendants 'have filed also filed a Motion to Dismiss. The Defendants are attempting to "bootstrap" a Motion to Dismiss to the Brief in Opposition, which is not proper pursuant to the Federal Rules of Civil Procedure. The Motion to Dismiss is not properly before this Court. The Motion to Dismiss is a dispositive motion. Pursuant to the Local Rules, this Court must allow Plaintiff to respond to the Defendants 'Motion to Dismiss. The Motion to Dismiss seeks to "dispose" of Plaintiffs 'case so the motion is a "dispositive motion" under the Rules. An opposing party has thirty (30) days to respond in opposition to any dispositive motion. Local Rule 7.1(b). Even if the Court were to find that the motion was not dispositive, Plaintiffs are nonetheless allowed by law fourteen (14) days to respond to the Motion to Dismiss.

> **Rule 7.1 Motions**
>
> **(a) Motions Governed by Case Management Plan.** All motions are governed by the Case Management Plan adopted pursuant to the Civil Justice Reform Act of 1990.
>
> **(b) Motions to be in Writing**. All motions, unless made during a hearing or trial, must be in writing and must be made sufficiently in advance of the trial to avoid any delay in trial.
>
> **(c) Memorandum by Moving Party**. The moving party must serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion.
>
> **(d) Memorandum in Opposition**. Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion and within fourteen (14) days after service of any non-dispositive motion. If a party opposing a motion was served with the motion under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d).
>
> **(e) Reply Memorandum**. Unless otherwise ordered by the Judicial Officer, the moving party may serve and file a reply memorandum in support of any dispositive motion within fourteen (14) days after service of the memorandum in opposition and in support of any non-dispositive motion within seven (7) days after service of the memorandum in opposition. If the moving party was served with the memorandum in opposition under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d).

**B. THE PLAINTIFFS 'NEED A RULING ON THEIR ORAL MOTION FOR PERMISSION TO ACCESS THE COURT'S ELECTRONIC FILING SYSTEM (PACER AND/OR CM/ECF).**

Pursuant to Local Rule 5.1, "pro se litigants may register to receive 'read only 'electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a pro se litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so."

Plaintiff requests permission for the "read only" electronic filing account so Plaintiffs can receive documents filed in this case. Additionally, Plaintiffs request permission to proceed with filing their application so that they can receive an account to file documents electronically. Plaintiffs are willing and capable to file documents electronically and request this Court's permission to file electronically.

**C. THE PLAINTIFFS 'TEMPORARY RESTRAINING ORDER WILL PREVAIL ON THE MERITS.**

Respectfully, I believe that my TRO justified under the US and Ohio Constitution. All laws which are repugnant to the Constitution are null and void (Marbury vs Madison). According to the Ohio Constitution Article I section 21 the MCSD has compelled both Plaintiffs to Participate in a healthcare system involuntarily. *Article I, Section 21(A) No federal, state, or local law or rule shall compel, directly or indirectly, any person, employer, or health care provider to participate in a health care system.*

According to the Ohio Constitution Health Care System is DEFINED as: *"Health care system" means any public or private entity or program whose function or purpose includes the management of, processing of, enrollment of individuals for, or payment for, in full or in part, health care services, health care data, or health care information for its participants."*

The defendants are collecting and sharing **health care data** of the Plaintiffs in respects to mask wearing, contact tracing and vaccination status without permission and compelling all student to participate which is in direct violation of the State of Ohio's Constitution.

2) In response to an unprecedented and without proper notice or time afforded to the Plaintiff by the Rules of the Court the Defendants chose to enjoin and transform the TRO hearing into a Motion to Dismiss of the complaint.

3) The Defendants 'counsel Stephanie Schmiel filed her appearance claiming she notified the Plaintiff through EFS knowing that the Plaintiff is a pro se litigant and would not be aware of her appearance. The Plaintiff's contact information was on the documentation filed and the Defendants who also have unfettered access to primary and emergency contact information for the Plaintiffs Terpsehore Maras and minor P.M.

4) The Plaintiff seeks to The Defendants claim that Plaintiff cannot satisfy the TRO.

The Defendants allege that the Board Properly Instituted Previously Adopted Policies.

Science is not static. It evolves. Years ago giving infants heroine for teething was considered *status quo* until studies were conducted years later to address irreparable harm it cause. Years ago using asbestos was deemed safe and *status quo*. Years later it was discovered through studies that irreparable harm was done.

The Defendants are consistently and constantly referencing information that is :

1) **OUT OF DATE**

2) As of July 2021 multiple studies have been published indicating physical harm and the ineffectiveness of masks consistent with that of OSHA and the IAHA that are indicated in EXHIBIT Q and adverse effects such as

4

# OTHER NEGATIVE EFFECTS OF WEARING MASKS

**Increased risk of adverse effects when using masks:**

**Internal diseases**
COPD
Sleep Apnea Syndrome
advanced renal Failure
Obesity
Cardiopulmonary Dysfunction
Asthma

**Psychiatric illness**
Claustrophobia
Panic Disorder
Personality Disorders
Dementia
Schizophrenia
helpless Patients
fixed and sedated Patients

**Neurological Diseases**
Migraines and Headache Sufferers
Patients with intracranial Masses
Epilepsy

**Pediatric Diseases**
Asthma
Respiratory diseases
Cardiopulmonary Diseases
Neuromuscular Diseases
Epilepsy

**ENT Diseases**
Vocal Cord Disorders
Rhinitis and obstructive Diseases

**Dermatological Diseases**
Acne
Atopic

**Occupational Health Restrictions**
moderate / heavy physical Work

**Gynecological restrictions**
Pregnant Women

**Figure 5.** Diseases/predispositions with significant risks, according to the literature found, when using masks. Indications for weighing up medical mask exemption certificates.

Int. J. Environ. Res. Public Health 2021, 18, 4344. https://doi.org/10.3390/ijerph18084344

28



Breathing resistance + 128 %
■ N95-Mask
■ without Mask

Dead space volume + 80 %
■ N95-Mask
■ without Mask

$CO_2 \uparrow$   $O_2 \downarrow$   $CO_2 \uparrow$   $O_2 \downarrow$

3) **Selective Data** (cherry picking)

4) Exhibit Q demonstrates in multiple areas how the CDC itself negates its statements in footnotes and "further down the page" on example is highlighted on page 15 of EXHIBIT Q.

5) **Not referencing subject matter experts such as the AIHA**

Subject matter experts in exposure to biological and non-biological hazards aerosolized or droplets are Industrial Hygienist. There are only about 10,000 such certified experts in the United States of America. The are indeed as demonstrated in the Boone County KY case as subject matter experts.

6) The Defendants have purposely refused to acknowledge that in Westerville, OH the Oakstone Academy has a NO MASK policy because they implemented IAHA Engineering Controls in order to mitigate the aerosolized virus. This was implemented for student since 2020. The school also include special needs students totaling to about 700 and only TWO cases of COVID-19 positive results have occurred and those were contracted OUT of the school. Therefore Engineering protocols are more favorable and evidently effective as MCSD has less student in one school and more positive cases. SEE EXHIBIT Q

7) Boone County, KY the Governors 'mask mandate was stricken down because ENGINEERING CONTROLS were deemed effective and mask policies are less than 5% according to OSHA, CDC and new research. SEE EXHIBIT Q

8) A watchdog group Americans for Public Trust obtained the emails through a Freedom of Information Act request and communication were obtained between the CDC and the American Federation of Teachers Union that clearly demonstrate that the CDC guidelines were in fact drafted by teachers and imposed to the CDC claiming that they will strike if not implemented.

> **Sent:** Friday, May 14, 2021 2:55 PM
> **To:** Berger, Sherri (CDC/OCOO/OD) <sob8@cdc.gov>; Hussain, Farhana P. EOP/WHO [(b)(6)]; Gershman, Lynn E. (CDC/OD/OCS) <veu4@cdc.gov>; Williams, Teresa (CDC/OD/OCS) <coo4@cdc.gov>; Molina, Jennifer EOP/WHO [(b)(6)]
> **Cc:** Gershman, Lynn E. (CDC/OD/OCS) <veu4@cdc.gov>; Harris, Seth D. EOP/WHO [(b)(6)]; Butterworth, Zach Z. EOP/WHO [(b)(6)]; Wakana, Benjamin L. EOP/WHO [(b)(6)]; Saenz, Adrian EOP/WHO [(b)(6)]
> **Subject:** RE: (b)(5)
>
> +Jenn
> NEA just sent me the following draft statement:
>
> We appreciate the developing nature of the science and its implications for guidance, but releasing the new guidance without accompanying school-related updates creates confusion and fuels the intentional politicization of this basic health and safety issue. CDC has consistently said, and studies support, that mitigation measures, including to protect the most vulnerable, remain necessary in schools and institutions of higher education—particularly because no elementary or middle school students, and few high school students, have been vaccinated. This will also make it hard for school boards and leaders of institutions of higher education to do the right thing by maintaining mitigation measures. We need CDC clarification right away.

I have requested the FULL FOIA sourced emails and anticipate to subpoena the MCSD for communications between themselves and teh Ohio Federation Teachers Union as part of evidentiary discovery for my complaint. In addition, per my original filing I demonstrated that their policies are financially incentivized with ARP/ESSER funds which raises further concerns of these policies erroneously citing misinformation or selective information from NON-Subject Matter experts in respects to the health of my child and all children in the MCSD.

9) According to the defendants' EXHIBIT A of their filing

> The American Academy of Pediatrics (AAP) strongly endorses the use of safe and effective infection control procedures to protect children and adolescents. During the COVID-19 pandemic, effective infection prevention and control requires the correct and consistent use of a <u>well-fitting face mask</u>. Face masks should <u>fit</u> over the mouth and nose and fit snugly along the side of the face without any gaps.

7

Their statements are not in alignment with their policies. Well-fitting masks according to the CDC, OSHA and IAHA are considered N-95 masks. Inexhibit Q page 15 the CDC clearly draws a distinction between SURGICAL MASKS and N-95. referring to N-95 masks as WELL-Fitted. The masks that MCSD are mandating are a step down in protection from surgical masks as noted on pg 13 of Exhibit Q and OSHA document referenced on Page 14 in exhibit Q.

In at least two instances, suggestions offered by the American Federation of Teachers were "adopted nearly verbatim" in the final text of a CDC document on reopening guidance released in February which indicates that these procedures and protocols were not based on SCIENCE but the American Federation of Teachers which are not even remotely considered subject matter experts.

Respectfully submitted this 9th day of September, 2021.

*/s/ Terpsehore Maras*
410 Superior Ave., #14597
Cleveland, OH 44114
503-430-0000    (Telephone)
Terpsehore Maras, Individually and on behalf of her minor child P.M.