UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| P.M., a Minor, By and Through Her Parent TERPSEHORE MARAS , *Pro Se*, | Case No.: 1:21 CV 1711 |
| Plaintiffs | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| MAYFIELD CITY SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | |
| Defendant. | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Plaintiff's—P.M., a minor ("Minor") by and through her parent, and Terpsehore Maras ("Ms. Maras" or "Plaintiff")—Emergency Motion for Temporary Restraining Order ("TRO" or "TRO Motion") (ECF No. 1, 3.) For the foregoing reasons, the court denies Plaintiff's Motion.

**I. BACKGROUND**

On September 3, 2020—as communities across the United States continued to struggle with the ongoing COVID-19 pandemic ("pandemic")—the Mayfield City School District Board of Education ("The Board", "Board", or "Defendants") duly approved and enacted Policy No. 8450.01 ("The Policy") (*See* Def.'s Opp'n to Pls.' Mot. for TRO at PageID #272, ECF No. 6–1.) In pertinent part, the policy states, "[t]he Board may require that students shall wear a face mask unless they are unable to do so for a health or developmental reason. Efforts will be made to reduce any social stigma for a student who, for medical or developmental reasons, cannot and should not wear a mask." (*Id.*) On August 4, 2021, Superintendent Michael J. Barnes ("Superintendent Barnes") and

the Board, following the recommendations of the Ohio Departments of Education and Health ("ODE" and "ODH", respectively), issued a face mask recommendation for all students, staff, and visitors, that was consistent with the Centers for Disease Control and Prevention's ("CDC") guidance. (Barnes Aff. ¶¶ 9–12 at PageID #265, ECF No. 6–1.) On August 5, 2021, the CDC—concerned with rapidly increasing COVID-19 cases— recommended universal masking for all students, teachers and faculty, regardless of their vaccination status. (*Id.*) Heeding that guidance, Governor Mike Dewine also encouraged all Ohio school districts to implement mask mandates for all students, teachers and faculty.(*Id.*) Shortly thereafter, on August 20, 2021, pursuant to the Policy— and in accordance with CDC and ODH guidance and recommendations—Superintendent Barnes submitted a recommendation to the Board—that was later adopted on August 25, 2021, after a school board meeting and parental feedback—that the District implement a mask mandate for all students, teachers and faculty.

In the midst of these rapidly changing developments, Plaintiff, a resident of Mayfield whose child attends Mayfield City Public Schools, takes issue with the Board's implementation of the mask mandate. (Pls.' Mem. in Supp. for TRO at PageID #226, ECF No. 3.) In addition to highlighting perceived procedural errors by the District, Ms. Maras alleges that the District's mask policy causes immediate and irreparable health risks to students, staff, and the community at large. (*Id.* at PageID #228.)

On September 2, 2021, Ms. Maras filed both her Complaint and Memorandum in Support of Motion for TRO, requesting that the court enjoin Defendants from continued enforcement of The Policy. (ECF No. 1, 3.) Thereafter, on September 3, 2021, the court held a telephonic status conference with Plaintiff explaining that the court would take no further action until she had given notice to Defendants or provided evidence of her unsuccessful attempts to give notice. On September

-2-

9, 2021, Defendants' filed their opposition to Plaintiff's Motion for TRO and Motion to Dismiss for lack of subject matter jurisdiction. (ECF No. 6, 7.) In response, the court held a telephonic hearing that same day, on the record, with Plaintiff *pro se* and Defendants' counsel. The court adjourned the hearing to allow Plaintiff the opportunity to review Defendants' opposition, and to submit a reply if she wished. The court resumed the hearing that same afternoon.

## II. LAW AND ANALYSIS

When ruling on a motion for a temporary restraining order ("TRO") or preliminary injunction, courts must consider and balance the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Am. Civil Liberties Union Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 642 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1246 (2016) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818–19 (6th Cir.2012)). The party seeking injunctive relief bears the burden to prove that such relief is required. *Id.*

### A. Arguments of the Parties

Plaintiff moves the court for a temporary restraining order seeking to enjoin the Defendants from continuing The Policy. Her main contention is that the District's policy causes immediate and irreparable harm to the students, staff, and community. (Pls.' Mem. in Supp. for TRO at PageID #228, ECF No. 3.) To bolster her argument, she alleges that the District violated her Fifth and Fourteenth Amendment rights to life, liberty, and property when they implemented the Policy, along with various provisions of the Ohio Constitution. (*Id.* at PageID #232.) More specifically, she argues that: (1) plaintiffs have a constitutionally protected interest in not being subjected to the District's mask mandate; (2) the District's policy unlawfully deprives Plaintiffs of their constitutionally

protected rights without due process of law; and (3) that the District impeded on Plaintiff's fundamental right to public education. (*Id.* at PageID #233.)

Defendants counter by arguing that Plaintiff lacks standing to assert a claim on her daughters behalf *pro se*. (Opp'n to TRO Motion at PageID #254, ECF No. 6.) Moreover, Defendants argue that Plaintiff's claims fails all four prongs of the standard for obtaining a TRO because the mask mandate does not deprive her daughter of any fundamental rights, and the mandate was adopted pursuant to previously adopted District policy. (*Id.* at 10–11.)

**B. The Court's Analysis**

As noted above, the court held a telephonic conference with Plaintiff *pro se* and Defendants counsel on September 9, 2021, to discuss Plaintiff's TRO Motion. During the conference, the court stated that it would afford Plaintiff the opportunity to respond to Defendants' opposition to the TRO Motion. Furthermore, the court allotted both sides time to present their arguments and any relevant case law. The court considered the relevant law and the parties' evidence, pleadings, and accompanying affidavits. Having done so, the court finds that the Plaintiff's request for a TRO is not well-taken, and thus fails.

1. Likelihood of Success Factor

The court begins its analysis by evaluating the first prong of the TRO standard that asks whether the Plaintiff has a strong likelihood of success on the merits of the claim. *Am. Civil Liberties Union Fund of Mich.*, 796 F.3d at 642 (6th Cir. 2015.) The court finds that Plaintiff does not have a strong likelihood of success on the merits. (ECF No. 3.) As previously noted, Plaintiff alleges a due process violation of her Fourteenth Amendment rights. (Pls.' Mem. in Supp. for TRO at PageID #232, ECF No. 3.) In relevant part, the Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S.

-4-

Const. amend. XIV, § 1. "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).

Plaintiff has failed to meet that burden. Meticulously reviewing her Motion, the court neither sees where Plaintiff has been denied a life, liberty, property or fundamental right; nor how wearing a mask impedes her child's property interest in school attendance. *See generally Goss v. Lopez*, 419 U.S. 565, 579 (1975) (broadly recognizing that students have a property right to education under the Due Process Clause); *see also San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 35 (noting that education is not a fundamental right within the Constitution). Throughout her Motion, Plaintiff has not shown how the mask mandate deprives her daughter of her property interest in school attendance. Furthermore, with respect to Plaintiff's substantive due process argument, this Circuit has previously held that school mask mandates do not run afoul of the Fourteenth Amendment. *See Resurrection School v. Gordon*, 507, F.Supp.3d 897, 900 (W.D. Mich. 2020); *aff'd Resurrection School v. Hertel*, No. 20-2256, 2021 WL 3721475, at *17 (6th Cir. Aug. 23, 2021) (concluding that "[w]e nonetheless conclude that Plaintiffs' substantive-due-process claim is without merit."). Therefore, the court determines that Plaintiff's claim fails on the merits because she has not proven a Fourteenth Amendment violation.

Furthermore, it is questionable whether Plaintiff has standing to bring this case. The Sixth Circuit has repeatedly held that, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002); *Cavanaugh ex rel.*

-5-

*Cavanaugh v. Cardinal Local School Dist.*, 409 F.3d 753, 755 (6th Cir. 2005) (noting that the law does "not permit parents to serve as legal counsel for their minor child's cause of action."); *McCoy v. Akron Police Department*, No. 5:21CV51, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) ("while a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney."). While the court will not dismiss Plaintiffs' claim at this time as sought by the Defendants' in their Motion to Dismiss, the court does find that this serves as an additional basis on which Plaintiffs' claim is not likely to succeed on the merits.

2. Irreparable Injury

Next, the court evaluates the second prong of the TRO standard, which asks the court to consider whether the movant (Plaintiff) would suffer irreparable injury absent the injunction. *Am. Civil Liberties Union Fund of Mich.*, 796 F.3d at 642 (6th Cir. 2015.) After a thorough review of Plaintiff's Motion, the court fails to see how enjoining the District's policy would cause her irreparable harm. In her Motion, Plaintiff cites to Stephen Petty ("Mr. Petty"), an Industrial Hygienist, to establish the health risks of wearing a mask. (Pls.' Mem. in Supp. for TRO at PageID #228, ECF No. 3.) However, after reviewing Plaintiff's Motion, it appears Mr. Petty's testimony primarily relates to the *effectiveness* of masks, rather than their potential health risks. (*Id.* at PageID #229.) Furthermore, Plaintiff fails to show any personal harm her child has suffered as a result of The Policy. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (noting that a § 1983 claim requires a Plaintiff to demonstrate personal harm). Moreover, Plaintiff has also not established that the harm is *irreparable*. "To demonstrate irreparable harm, the plaintiff[ ] must show that . . . they will suffer actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006); *Overstreet v. Lexington-Fayette Urban Cty Gov't*,

305 F.3d 566, 578 (6th Cir. 2002) (noting that "[h]arm is irreparable if it cannot be fully compensated by monetary damages.").

Plaintiff has not established any immediate or actual harm to her child from The Policy or any evidence that wearing a mask is an unsafe or hazardous practice. Furthermore, as Defendants note, the District's policy provides an exemption to students who cannot wear the mask for health or developmental reasons. (Opp'n to TRO Motion at PageID #259, ECF No. 6.) Thus, Plaintiff's Motion fails the second prong of the TRO standard because: (1) she has not shown that her daughter is suffering an immediate and actual harm, and (2) her proffered support relates more to whether masks are effective, rather than the potential consequences of wearing one.

Third and Fourth Factors

The third and fourth factors, of the TRO standard, respectively, require the court to consider whether the injunction would cause substantial harm to others, and whether the public interest would be served by the issue of an injunction. *Am. Civil Liberties Union Fund of Mich.*, 796 F.3d at 642 (6th Cir. 2015.) The court will simultaneously address both factors. As previously noted, the District's mask mandate was promulgated after weighing a number of different factors, including parental feedback, and in consultation with reputable scientific and health guidance. (Def.'s Opp'n to TRO Motion at PageID #260, ECF No. 6.) In reality, the mask mandate was implemented to *prevent* serious injury, illness, and death in the District and broader community. (*Id.*) Furthermore, the risks associated with not wearing a mask in public schools are well-documented and supported by scientific evidence. (*Id.*)

Accordingly, the court determines that enjoining the District's mask policy would potentially cause substantial harm to the District's students, teachers, and faculty through community spread of COVID-19, which could potentially cause serious illness and death. Therefore, Plaintiff's Motion

fails the third prong of the TRO standard. Finally, with respect to the fourth factor, based on the high potential of contracting COVID-19, the court finds that the public interest would not be served by enjoining the mask mandate. Rather, enjoining the mask mandate would pose an increased risk of quarantines, illness, and long-term learning disruptions. Accordingly, the court finds that Plaintiff's Motion fails the fourth prong of the TRO standard.

### III. CONCLUSION

For the foregoing reasons, the court denies Plaintiff's TRO Motion (ECF No. 3), but reserves ruling on Defendants' Motion to Dismiss for lack of subject matter jurisdiction, thereby providing Plaintiff an opportunity to respond.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 13, 2021