# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| P.M., a Minor, By and Through Her Parent,<br>TERPSEHORE MARAS, | : <br> : | CASE NO. 1:21 CV 1711 |
| Plaintiffs, | : <br> : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : <br> : <br> : | **MEMORANDUM IN SUPPORT OF** |
| MAYFIELD CITY SCHOOL DISTRICT BOARD<br>OF EDUCATION, et al. | : <br> : <br> : | **DEFENDANTS' MOTION TO**<br>**DISMISS AMENDED COMPLAINT** |
| Defendants. | : | |

## INTRODUCTION

Defendants the Mayfield City School District Board of Education (the "Board"), its Superintendent Dr. Michael J. Barnes (the "Superintendent"), and its members Ron Fornaro, Sue Grozek, Al Hess, George Hughes, and Jimmy Teresi (collectively, "Defendants") renew their Motion to Dismiss Plaintiff Terpsehore Maras' ("Plaintiff") Amended Complaint, seeking to act *pro se* on her daughter's behalf, and purportedly on her own behalf,[1] now adding claims based on the Ninth Amendment, Tenth Amendment, and Article I, § 21 of the Ohio Constitution.

Plaintiff's addition of these claims does not solve the fundamental problem that in the Sixth Circuit a non-attorney cannot represent her daughter *pro se* in actions like the one before the Court. Thus, all claims Ms. Maras seeks to assert on her daughter's behalf must be dismissed. And, although Plaintiff suggests that the lawsuit is also brought in her own right, the

---

[1] The caption of the Amended Complaint still only lists one Plaintiff, identified as "P.M." but uses the word "Plaintiff**s**." The Amended Complaint states that "Plaintiff**s**, P.M. a minor, by and through **her** parent, Terpsehore Maras, *pro se,* hereby file" the Amended Complaint. (Am. Compl. p. 1 (Dkt. #19) (emphasis added.) For the purposes of this Motion, Defendants assume Ms. Maras asserts claims in her own personal capacity.

- 1 -

Amended Complaint remains impermissibly silent on what rights of her own Ms. Maras claims the mask mandate violates as well as how the mask mandate injures Ms. Maras directly. Finally, the Amended Complaint must also be dismissed for lack of subject matter jurisdiction because there is no allegation of any recognized Constitutional violation or injury.

Putting the issue of subject matter jurisdiction aside, even generously construing the allegations in Plaintiff's favor, Plaintiff's Amended Complaint does not plausibly allege that the Board's mask mandate violates any provision of the U.S. or Ohio Constitutions:

- There is no due process violation because the mask mandate does not impact Plaintiff's daughter's ability to receive an education (Counts I, II, VI, and VII);

- There is no violation of Ohio Constitution Article I, § 21 because neither Plaintiff nor her daughter is being compelled to participate in a health care system (Count III) (nor is there any jurisdiction over such claim in this Court);

- The Ninth Amendment does not give rise to a substantive cause of action (Count IV); and

- The Tenth Amendment is inapplicable because there is no action by the federal government here that is usurping powers reserved to the state (Count V).

In addition, Plaintiff has not identified any compensable injury that she or her daughter will suffer under any of these theories a result of the mask mandate. Defendants therefore ask the Court to dismiss the Amended Complaint in its entirety because Plaintiff has not alleged a right to relief that is plausible. See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## **BACKGROUND**[2]

On or about August 25, 2021, consistent with well publicized best practices and guidance from reputable sources including the CDC, Ohio Departments of Education and Health and the

---

[2] Plaintiff's Amended Complaint continues to include many extraneous and false allegations that serve no purpose other than to try to demonize the Defendants. While Defendants disagree with most of what is alleged, they will only address factual issues relevant to the Motion to Dismiss.

American Academy of Pediatricians, the Board instituted a policy requiring all students, staff and visitors to wear masks while in school buildings. Plaintiff strenuously opposes the mask mandate and filed this lawsuit seeking to block its enforcement. Plaintiff asserted seven causes of action in the Amended Complaint, none of which plausibly alleges a right to relief, whether brought on behalf of Plaintiff's daughter or by Plaintiff in her own name. For example, Plaintiff purportedly seeks relief on behalf of herself and her daughter.

Counts I, II, VI, and VII, are based on alleged due process violations. (Amd. Compl. ¶¶ 53-66, 79-89.) The only basis alleged for each of these claims is the alleged violation of the "the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits." (Id. at ¶¶ 59, 82.) Plaintiff also asserts that she has "a fundamental right to a public education and to an education in a safe and healthy environment." (Id. at ¶ 65.) But she makes the paradoxical (and facially implausible) argument that the right to education in a safe environment during a pandemic is violated by requiring those in the environment to wear masks intended to reduce transmission of viruses. Plaintiff did not assert anywhere in the Amended Complaint any fundamental due process rights that she, as a parent, claims were violated.[3]

Even if Plaintiff had alleged facts support a claim that a constitutional right was implicated by the mask Order, she does not allege any plausible injury arising from the purported violation. Throughout the Amended Complaint Plaintiff alleges the existence of harm in general terms. But she when she identifies specific harm, she makes reference to only potential injury;

---

[3] Plaintiff alleges that Defendants violated her "Ninth Amendment rights by usurping Plaintiff Terpsehore Maras' right to protect the health and safety of her minor child." As explained in Section II.C., *infra*, the Ninth Amendment does not give rise to a substantive claim for relief.

she does not allege that she or her daughter have actually experienced any of them.[4]  Likewise, while Plaintiff provides an affidavit identifying potential injuries from wearing a mask, Plaintiff does not allege that either she or her daughter have actually suffered any adverse symptoms from wearing a mask in accordance with the mask mandate.  Indeed, Plaintiff does not even allege that she or her daughter have complied with the mask mandate.

## **LAW & ARGUMENT**

### I. PLAINTIFF CANNOT ASSERT A CLAIM ON HER DAUGHTER'S BEHALF *PRO SE*.

Plaintiff seeks to assert 42 U.S.C. Section 1983 claims *pro se* on behalf of her minor daughter.  Plaintiff is not an attorney and she is thus prohibited from asserting a claim *pro se* on her daughter's behalf.  This alone requires dismissal of the Complaint.

It is well-settled in the Sixth Circuit that a parent cannot appear *pro se* on behalf of his/her minor child.  *See Shepherd v. Wellman*, 313 F.3d 963, 965 (6th Cir. 2002).  In *Shepherd*, after the decedent was killed by police, the mother of the decedent's son filed a 1983 claim against the police department on behalf of her and the decedent's son alleging, among other things, loss of consortium.  313 F.3d 963, 965 (6th Cir. 2002).  The court held that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."  *Id.* at 971.

This rule has been applied several times since *Shepherd*, including in a May 2021 decision originating from this Court.  *See, e.g.*, *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005) (the law does "not permit parents to serve as legal counsel for their

---

[4] ". . . overall <u>possible</u> simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase." (Amd. Compl. ¶¶ 61, 66, 78, 84, 89) (emphasis added.)

minor child's cause of action"), *abrogated in part on other grounds*, *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007); *Moses v. Gardner*, Case No. 15-5971, 2016 U.S. App. LEXIS 23993, at *3 (6th Cir. May 24, 2016) (affirming dismissal without prejudice because a parent cannot appear *pro se* on behalf of a child); *Chukwuani v. Solon City. Sch. Dist.*, No. 19-3574, 2020 U.S. App. LEXIS 12863, at *4 (6th Cir. Apr. 21, 2020) (the Sixth Circuit has consistently held that parents are prohibited "from appearing pro se on behalf of their minor child"); *McCoy v. Akron Police Dep't*, No. 5:21-cv-51, 2021 U.S. Dist. LEXIS 88484, at *2-3 (N.D. Ohio May 10, 2021) (recognizing that a parent cannot bring a civil rights claim *pro se* on behalf of a minor child); *Combs v. Toledo Pub. Sch.*, No. 3:06 CV 2070, 2007 U.S. Dist. LEXIS 71942, at *7 (N.D. Ohio Sep. 27, 2007); *Smith v. Indian Hill Exempted Vill. Sch. Dist.*, No. 1:10-cv-718, 2011 U.S. Dist. LEXIS 108162, at *18 (S.D. Ohio May 5, 2011) (same).

Plaintiff has argued that she can circumvent *Shepherd* by relying on the narrow exception for Social Security appeals set forth in *Works v. Commissioner of Social Security*, 886 F. Supp. 2d 690, 696 (S.D. Ohio 2012). There, the court explained that other circuits relax the rule prohibiting *pro se* representation by a parent, but only "in the narrow field of Social Security appeals brought by a minor child's parent." The narrow exception in *Works* is inapplicable because (1) the Sixth Circuit Court of Appeals has not recognized the Social Security exception; and (2) no courts within the Sixth Circuit have applied the exception outside of the Social Security appeal context. Accordingly, the Court should dismiss the Complaint and/or any causes of action asserted on behalf of Plaintiff's minor daughter because Plaintiff lacks standing to assert claims *pro se* on her daughter's behalf.

## II. PLAINTIFF HAS NOT ASSERTED ANY PLAUSIBLE RIGHT TO RELIEF FOR HER DAUGHTER OR ON HER OWN BEHALF.

A complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a plaintiff must show entitlement to relief and that showing "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). If Plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### A. The Mask Mandate Does Not Deprive Plaintiff or Her Daughter of Any Fundamental Right without Due Process of Law.

The Due Process Clause of the Fourteenth Amendment states that "no State shall … deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV. To establish a violation of the Fourteenth Amendment, a plaintiff must show "the existence of a liberty or property interest of which he was deprived by the defendant." *Bd. Of Trs. Of Sabis Int'l School v. Montgomery*, 205 F. Supp. 2d 835, 850 (S.D. Ohio 2002) (dismissing claims that failed to identify any recognized property interest actually deprived); *see also Daniels v. Woodside*, 396 F.3d 730, 736 (6th Cir. 2005) ("Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . ." (internal quotations omitted)); *Lany v. Farley*, 501 F.3d 577, 583-84 (6th Cir. 2007) (a short school suspension was *de minimis* deprivation of liberty and, therefore, the Due Process Clause was not implicated).

Not every complaint about a school's decisions rises to the level of constitutional import, and most must be addressed through local political processes. Even if Plaintiff had standing to

assert claims on behalf of her daughter, Plaintiff's claim would still fail on the merits because she is not being deprived of a fundamental right or recognized liberty or property interest. Counts I, II, VI and VII of the Amended Complaint all fail because they do not implicate any fundamental right guaranteed by the U.S. or Ohio Constitutions.

        1.        <u>The Mask Mandate Does Not Deprive Plaintiff's Daughter of An Education.</u>

Students have a property interest in their right to an education under the Due Process Clause. *Goss v. Lopez*, 419 U.S. 565, 579 (1975). Plaintiff claims that her daughter's right to a (1) safe and healthy (2) public education has been violated. However, to establish a claim, Plaintiff must plausibly allege how the policy operates to actually deprive her daughter of an education. But Plaintiff has not alleged any set of facts which, even taken as true, establish that her daughter has been deprived of an education.

Plaintiff does not allege that her daughter is prohibited from attending school. Plaintiff does not allege that her daughter has actually missed any school as a result of the mask policy. Thus, unlike in the case of expulsion, the mask policy does not prevent Plaintiff's daughter from receiving an education.

For this reason, multiple courts that have considered mask requirements in schools have upheld them. *See, e.g.*, *M.F. v. Cuomo*, 2021 NYLJ Lexis 862, at *14-15, 19 (N.Y. Sup. Ct. June 21, 2021) (denying request for preliminary injunction despite claim that wearing a mask exacerbated plaintiff's daughter's nosebleed condition and noting that "there is no fundamental right . . . to full time in-person education without a mask mandate[.]"); *CT Freedom All., LLC v. State Dep't of Educ.*, No. HHDCV206131803S, 2021 Conn. Super. LEXIS 223, at *42-44 (Super. Ct. Mar. 8, 2021) (finding mask mandates do not affect a protected property interest).

The Sixth Circuit has already determined that mask mandates do not violate substantive

due process. *See Resurrection School v. Hertel*, No. 20-2256, 2021 U.S. App. LEXIS 25349, at *33-51 (6th Cir. Aug. 23, 2021) (affirming denial of injunction against school mask mandate because it did not violate the free exercise of religion, equal protection, or substantive due process rights); *see also Klaassen v. Trs. Of Ind. Univ.*, No. 1:21-cv-238 DRL, 2021 U.S. Dist. LEXIS 133300, at *106 (N.D. Ind. July 18, 2021)[5] (denying TRO and reasoning that "there is no fundamental constitutional right to not wear a mask.").

        2.      <u>Plaintiff does not allege actual harm</u>.

As discussed above, Plaintiff's Complaint also fails because it is devoid of any suggestion as to how she or her daughter have *actually* been harmed by the mask policy. Plaintiff's primary argument, and the thrust of the Stephen Petty affidavit attached to the Amended Complaint, is that masks are ineffective to stop the spread of COVID-19. While the Petty Affidavit purports to identify potential risks associated with wearing masks, he does not offer any opinion regarding whether Plaintiff's daughter suffers from any of the symptoms while wearing a mask at school. [6]

Thus, at most, Plaintiff alleges that her daughter could *possibly* suffer physical injury, including an increase in blood pressure. But *potential* harm is insufficient to establish an actionable claim unless future harm is "certainly impending" and "not too speculative." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)); *Mitchell v. DayMet Credit Union*, No. 3:18-cv-60-TMR, 2019 U.S. Dist. LEXIS 129240 (S.D. Ohio Aug. 2, 2019) (dismissing a complaint for failing to satisfy the requirements of "particularized, non-speculative, imminent harm."). "Speculative fear" of harm in connection with COVID-19 orders fail to satisfy this requirement.

---

[5] Request for injunction pending appeal denied in *Klaassen v. Trs. of Ind. Univ*, No. 21-2326, 2021 U.S. App. LEXIS 22785 (7th Cir. 2021).

[6] Notably, if Plaintiff provided evidence from a doctor that she risked any such adverse physical consequence, she could obtain an exemption from the mask mandate.

*Allen v. Whitmer*, No. 21-1019, 2021 U.S. App. LEXIS 22310, at *7 (6th Cir. July 26, 2021) (dismissing claims arising from state travel ban improper because "'speculative fear' that travel restriction *might* have resulted in penalties against Plaintiffs." (emphasis in original)).

        3.      <u>There is No Alleged Violation of Any Right Personal To Plaintiff.</u>

Plaintiff also claims to bring this action on her own behalf but does not plead anything to support a claim of actionable harm. Specifically, nowhere in Counts I or II does Plaintiff identify any protected property or liberty interest or injury of her own. For example, in Count I, Plaintiff alleges that: (a) wearing a mask at school would cause possible harm; (b) the mask mandate violates the right to "pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits;" and (c) "Plaintiffs had a fundamental right to a public education and to an education in a safe and healthy environment." (Am. Compl. ¶¶ 59, 61, 65, 66.)

These are all allegations pertaining to Plaintiff's *daughter's* ability to pursue an education. But Plaintiff is not a student and is not pursuing an education. The Amended Complaint does not allege any facts plausibly suggesting that requiring her daughter to wear a mask while on school grounds violates any fundamental right personal to Plaintiff. Even granting Plaintiff leniency as a *pro se* plaintiff, there are no allegations in Counts I or II from which Defendants can identify a constitutional right that Plaintiff claims Defendants violated or any harm specific to Plaintiff resulting therefrom.

Without particularized harm, or a violation of some constitutional right, Plaintiff cannot assert claims on her own behalf based on Section 1983. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (claim seeking compensation for alleged personal losses and suffering experienced by the decedent's children fails, holding "a Section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort"); *Hoffman v. Tenn. Dep't of*

*Children Servs.*, No. 3:20-cv-00900, 2020 U.S. Dist. LEXIS 221001, at *6 (M.D. Tenn. Nov. 24, 2020) (parent cannot bring a 1983 claim against a foster home for the assault on their child because the parent's civil rights were not violated).

    4. <u>Plaintiff's Ohio Constitution Article I, §16 Claim Fails For The Same Reasons Their Federal Due Process Claims Fail.</u>

In Counts VI and VII of the Amended Complaint, Plaintiff also purports to bring procedural and substantive due process claims pursuant to Ohio Constitution, Article I, § 16. That provision simply provides protection to individuals <u>who otherwise have claims</u> with access to the Ohio state courts:

> All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.

Ohio Const. Art. I, § 16. While this section has been used to invalidate certain legislative impairments of existing rights (*see, e.g.*, *Sedar v. Knowlton*, 49 Ohio St. 3d 193, 199-200 (1990), *rev'd on other grounds*) it <u>does not</u> create a substantive claim. Plaintiff does not identify how the mask mandate violates any substantive Ohio law or how the mask mandate prevents her from seeking redress in the Ohio courts.

To the extent Plaintiff argues that her daughter's fundamental right to an education has been impacted, Defendants incorporate their arguments from Sections II.A.1-3, above. Thus, Plaintiff has no claim in her own right or on behalf of her daughter pursuant to Ohio Constitution Article I, §16.[7]

---

[7] This Court should also decline to exercise supplemental jurisdiction over any remaining questions of Ohio constitutional law in accordance with 28 U.S.C. § 1367(c)(1) and (3). *See Dunikowski v. Ohio Dep't of Rehab. & Corr.*, No. 1:18 CV 2576, 2019 U.S. Dist. LEXIS 108709 (N.D. Ohio June 28, 2019) (Oliver, J.) ("Generally, the Court should exercise its discretion and decline to hear state law claims when all federal law claims are dismissed before trial.").

### B. Ohio Constitution Article I, § 21 Is Inapplicable Where Neither Plaintiff nor Her Daughter Are Compelled To Participate in a Health Care System.

Count V of the Amended Complaint fails as a matter of law because Article I, § 21 is inapplicable on its face. Article I, § 21 precludes a "federal, state, or local law" that "compel[s]" an individual to participate in a "health care system." Ohio Const. art. I, § 21(A). The mask mandate does not fall within the purview of this prohibition.

First, the mask mandate is not a local law. It is a policy set by a school board.

Second, no one is "compelled" to participate as that term is defined by Art. I, § 21, which requires that there be a civil or criminal penalty, fine or surcharge for failure to comply with the law. *Id.* § 21(E)(1). There are no penalties or fines associated with the policy, and Plaintiff does not allege any penalty, fine or surcharge that has been, or could be, levied against her daughter for failing to comply with the policy.

Finally, the mask mandate does not implicate a "health care system." The "systems" addressed by this section are defined as "any public or private entity or program whose function or purpose includes the management of, processing of, enrollment of individuals for, or payment for, in full or in part, health care services, health care data, or health care information for its participants." *Id.* § 21(E)(2). Plaintiff does not allege any facts plausibly suggesting that a mask mandate falls within the definition of a "health care system." The mask mandate is not an insurance program. It simply requires individuals to wear masks.

Therefore, neither Plaintiff nor her daughter are being "compelled" to participate in a "health care system." Accordingly, even making every logical inference in Plaintiff's favor, she has not asserted a viable claim under Article I, § 21 either for her daughter or herself.

### C. The Ninth Amendment is Only a Rule of Construction and Does Not Give Rise To Any Substantive Claim.

It is well settled in the Sixth Circuit that the Ninth Amendment does not provide any substantive rights. *Beiersdorfer v. LaRose*, No. 20-3557, 2021 U.S. App. LEXIS 24988, at *45 (6th Cir. Aug. 20, 2021) (affirming dismissal of claims brought under the Ninth Amendment because the Sixth Circuit has "already held that 'the ninth amendment does not confer substantive rights. . .'" (quoting *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991))).

Rather, the Ninth Amendment is a rule of construction that was added to the U.S. Constitution to ensure that other rights would not be denied merely because they were not specifically enumerated. *Gibson*, 926 F.2d at 537 (recognizing that the Ninth Amendment "was added to the Bill of Rights to ensure that the maxim *expressio unis est exclusio alterius* would not be used at a later time to deny fundamental rights because they were not specifically enumerated in the Constitution."); *Reilly v. MDOC*, No. 2:20-11109, 2020 U.S. Dist. LEXIS 103806, at *9 (E.D. Mich. June 15, 2020) (dismissing claim because "[t]he Ninth Amendment 'has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.'" (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986))); *Spencer v. City of Hendersonville*, 487 F. Supp. 3d 661, 680-81 (M.D. Tenn. 2020) (dismissing claim because the Ninth Amendment is a "rule of construction" that "does not guarantee any particular right[.]"); *Rose v. Borsos*, No. 2:17-cv-204, 2018 U.S. Dist. LEXIS 139466, at *25-26 (E.D. Tenn. Aug. 17, 2018) (dismissing Ninth Amendment claim because "[t]he Ninth Amendment does not set forth any particular guarantees, but is merely a rule of construction.").

While the Ninth Amendment recognizes the existence of unenumerated but nonetheless fundamental rights, actions alleging a violation of those rights must be brought under other

Constitutional amendments. *DeMarco v. Cuyahoga County Dep't of Human Servs.*, 12 F. Supp. 2d 715, 722-23 (N.D. Ohio 1998) ("The Ninth Amendment may be invoked, if at all, to protect fundamental rights not set forth in the Constitution. An unenumerated right may be of constitutional magnitude, but only because of another amendment to the Constitution -- *a litigant cannot successfully claim a right existing solely under the Ninth Amendment*.") (emphasis added).

Here, Plaintiff cannot successfully bring a claim under the Ninth Amendment. While the Ninth Amendment may recognize unenumerated fundamental rights, Plaintiff must bring those claims under another amendment. *See DeMarco*, 12 F. Supp. 2d at 722-23. For this reason alone, Plaintiff's Ninth Amendment claim should be dismissed with prejudice.

### D. Plaintiff's Tenth Amendment Claim Fails Because She Has Not Pled Any Action by the Federal Government.

The Tenth Amendment reserves to the states all powers which the Constitution does not vest in the federal government and prohibits the federal government from compelling states to implement federal laws. *United States v. Visnich*, 65 F. Supp. 2d 669, 672 (N.D. Ohio 1999) (citing *Printz v. United States*, 521 U.S. 898, 919 (1997)); *United States v. California*, 921 F.3d 865, 888 (9th Cir. 2019). The purpose of the Tenth Amendment was to "allay fears that the new national government might seek to exercise powers not granted, and that the states might not be able to exercise fully their reserved powers." *United States v. Darby*, 312 U.S. 100, 124 (1941); *O'Donnell v. Downers Grove*, 656 F. Supp. 562, 569 (N.D. Ill. 1987) ("The Tenth Amendment protects the states from federal intrusion that might threaten their separate and independent existence." (citing *EEOC v. Wyoming*, 460 U.S. 226 (1983))).

At an elementary level, a Tenth Amendment claim must identify some action by the federal — not state or local — government that usurps powers reserved to the state. *O'Donnell*,

656 F. Supp. at 569 (dismissing claims against local government and its police officers because "plaintiff fail[ed] to allege any conflict between the federal and state governments" and did not "identify any federal law that usurps any powers reserved to the state governments by the Tenth Amendment."). Since the protections under the Tenth Amendment run against the federal government, a plaintiff cannot "sue only state actors and attempt to assert a stand-alone claim." *Bimber's Delwood, Inc. v. James*, 496 F. Supp. 3d 760, 786-87 (W.D.N.Y. 2020) (denying motion for temporary restraining order and granting motion to dismiss where local businesses challenged governor's COVID-19 reopening safety orders).

Here, Plaintiff has not identified any action by the federal government with respect to Defendants' mask mandate. All Defendants in this case — the Board, its members, and the Superintendent — are involved in local government only. Plaintiff fails to identify any conflict between state and federal law implicated with Defendants' mask mandate, and none exists. Therefore, the Tenth Amendment is not implicated and Plaintiff's claim should be dismissed.

## **CONCLUSION**

The mask mandate was a reasonable policy decision made to protect students in the School District in light of elevated transmission of COVID-19. Plaintiff's Amended Complaint fails to cure the jurisdiction defect that Defendants raised in response to the original Complaint because it overwhelmingly appears that Plaintiff seeks to vindicate her daughter's purported rights and not her own, which requires representation by an attorney. Parents cannot represent their children's rights *pro se*. Further, Plaintiff's Amended Complaint falls far short of stating a plausible right to relief. Not only does the Amended Complaint fail to identify any viable constitutional violation, Plaintiff also failed to sufficiently allege an actionable injury that is personal to her or her daughter.

Therefore, Defendants ask the Court to dismiss the Amended Complaint in its entirety.

> Respectfully Submitted,
>
> */s/ Thomas L. Feher*
> Thomas L. Feher (#0038575)
> Tom.Feher@ThompsonHine.com
> Kyle A. Hutnick (#0095673)
> Kyle.Hutnick@ThompsonHine.com
> **THOMPSON HINE LLP**
> 3900 Key Center
> 127 Public Square
> Cleveland, Ohio 44114
> Phone: (216) 566-5500
> Fax: (216) 566-5800
>
> Stephanie M. Chmiel (#0087555)
> Stephanie.Chmiel@ThompsonHine.com
> **THOMPSON HINE LLP**
> 41 South High Street, Suite 1700
> Columbus, Ohio 43215
> Phone: (614) 469-3200
> Fax: (614) 469-3361
>
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2021, a copy of the foregoing **Memorandum in Support of Defendants' Motion to Dismiss the Amended Complaint** was filed electronically with the United States District Court for the Northern District of Ohio. Notice was sent to Plaintiff at mayfieldparentsunion@gmail.com.

.

*/s/ Thomas L. Feher*
*One of the Attorneys for Defendants*