## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

P.M., a Minor, By and Through Her Parent,   :
TERPSEHORE MARAS,   :

    :  CASE NO. 1:21 CV 1711

    Plaintiffs,   :

    :  JUDGE SOLOMON OLIVER, JR.

    vs.   :

    :

MAYFIELD CITY SCHOOL DISTRICT BOARD  :
OF EDUCATION, et al.   :

    :

    Defendants.   :

---

## REPLY IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS THE AMENDED COMPLAINT

---

Thomas L. Feher (#0038575)
Tom.Feher@ThompsonHine.com
Kyle A. Hutnick (#0095673)
Kyle.Hutnick@ThompsonHine.com
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 566-5500
Fax: (216) 566-5800

Stephanie M. Chmiel (#0087555)
Stephanie.Chmiel@ThompsonHine.com
**THOMPSON HINE LLP**
41 South High Street, Suite 1700
Columbus, Ohio 43215
Phone:  (614) 469-3200
Fax:  (614) 469-3361

***ATTORNEYS FOR DEFENDANTS***

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

STATEMENT OF THE ISSUES............................................................................................. 1

SUMMARY OF THE ARGUMENT ....................................................................................... 1

LAW & ARGUMENT............................................................................................................ 3

I.     PLAINTIFF HAS NOT SUFFICIENTLY PLED THAT THE MASK POLICY VIOLATES ANY FUNDAMENTAL DUE PROCESS RIGHT. ..................................... 3

     A.     Plaintiff May Not Rely on Extrinsic Evidence in Opposition to the Motion.......... 3

     B.     Plaintiff Cannot Prosecute An Action In Her Own Name Seeking To Vindicate Her Daughter's Alleged Constitutional Claims. ...................................................... 4

     C.     The Mask Policy Does Not Violate Plaintiff's Due Process Rights....................... 5

          1.     Plaintiff's Procedural Due Process Claim Is Nonsensical. ......................... 6

          2.     The Mask Policy Does Not Violate Substantive Due Process Because It Does Not Infringe Upon Plaintiff's Federal Constitutional Rights. ........... 7

     D.     Plaintiff Has Not Identified A Sufficient Threat Of Harm. ................................. 13

II.     Ohio Constitution Article I, § 21 Is Inapplicable to Plaintiff. .......................................... 14

III.     Plaintiff Fails To Save Her Claim Under The Ninth Amendment, Which Does Not Give Rise To A Private Cause Of Action.................................................................................. 16

IV.     Plaintiff Fails To Articulate Any Action By The Federal Government To Support A Claim Under The Tenth Amendment. ............................................................................ 17

CONCLUSION.................................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ass'n of Jewish Camp Operators v. Cuomo*,
    470 F. Supp. 3d 197 (N.D.N.Y. 2020)..................................................................11

*Aviles v. De Blasio*,
    2021 U.S. Dist. LEXIS 38930 (S.D.N.Y. Mar. 2, 2021) ........................................9

*Boriskevich v. Springfield Pub. Schs. Bd. of Educ.*,
    2021 U.S. Dist. LEXIS 104845 (W.D. Mo. May 27, 2021) ................................7, 9

*Case v. Ivey*,
    2021 U.S. Dist. LEXIS 102520 (M.D. Ala. June 1, 2021) ................................9, 11

*Chiafalo v. Washington*,
    140 S. Ct. 2316 (2020)..........................................................................................18

*In re City of Detroit*,
    504 B.R. 191 (Bankr. E.D. Mich. 2013) ..............................................................18

*Cleveland Bd. of Educ. v. LaFleur*,
    414 U.S. 632 (1974)................................................................................................8

*Copeland v. Custom Packaging*,
    2021 U.S. Dist. LEXIS 191974 (M.D. Tenn. Oct. 5, 2021) ...................................6

*Cronin v. Kaivac, Inc.*,
    2021 U.S. Dist. LEXIS 106915 (S.D. Ohio June 8, 2021) ......................................3

*Cruzan v. Director, Missouri Dep't of Health*,
    497 U.S. 261 (1990)..............................................................................................11

*Gardner v. City of Cleveland*,
    656 F. Supp. 2d 751 (N.D. Ohio 2009)...........................................................11, 12

*Griswold v. Connecticut*,
    381 U.S. 479 (1965)..............................................................................................16

*Guilfoyle v. Beutner*,
    2021 U.S. Dist. LEXIS 195396 (C.D. Cal. Sept. 14, 2021).................................9, 13

*Hodge v. Jones*,
    31 F.3d 157 (4th Cir. 1994) ....................................................................................8

*Honig v. Doe*,
    484 U.S. 305 (1988) ................................................................................................14

*Howard v. Wilkes & McHugh, P.A.*,
    No. 06-2833 ...........................................................................................................3

*Hybud Equip. Corp. v. City of Akron*,
    654 F.2d 1187 (6th Cir. 1981) ..............................................................................18

*Jacobson v. Massachusetts*,
    197 U.S. 11 (1905) ................................................................................................10

*Kanuszewski v. Mich. HHS*,
    927 F.3d 396 (6th Cir. 2019) ................................................................................10

*Klaassen v. Trs. Of Ind. Univ.*,
    2021 U.S. Dist. LEXIS 133300 (N.D. Ind. July 18, 2021) ...............................9, 13

*Lloyd v. Sch. Bd. Of Palm Beach County*,
    2021 U.S. Dist. LEXIS 210628 (S.D. Fla. Oct. 29, 2021) ...........................9, 11, 13

*Magnum Towing & Recovery, LLC v. City of Toledo*,
    430 F. Supp. 2d 689 (N.D. Ohio 2006) ............................................................11, 12

*McGuire v. McCormick*,
    2017 U.S. Dist. LEXIS 166170 (E.D. Mich. May 22, 2017) ................................17

*Meyer v. Nebraska*,
    262 U.S. 390 (1923) ................................................................................................8

*Midkiff v. Adams Cty. Regional Water Dist.*,
    409 F.3d 758 (6th Cir. 2005) ...........................................................................11, 12

*Mills v. Rogers*,
    457 U.S. 291 (1982) ..............................................................................................11

*Moore v. City of E. Cleveland*,
    431 U.S. 494 (1977) ................................................................................................8

*Murphy v. NCAA*,
    138 S. Ct. 1461 (2018) ..........................................................................................18

*Newman v. Univ. of Dayton*,
    2017 U.S. Dist. LEXIS 179868 (S.D. Ohio Oct. 31, 2017) ...................................3

*Nutraceuticals v. Cook*,
    2021 U.S. Dist. LEXIS 140798 (N.D. Ohio July 26, 2021) ...................................4

*Oberheim v. Bason*,
2021 U.S. Dist. LEXIS 188843 (M.D. Pa. Sep. 30, 2021) ..................................................9, 13

*Parham v. J.R.*,
442 U.S. 584 (1979) ..................................................................................................................8

*Patel v. AR Grp. Tenn., LLC*,
2021 U.S. Dist. LEXIS 172063 (M.D. Tenn. Sept. 10, 2021) ....................................................3

*Pennhurst State Scho. And Hosp. v. Halderman*,
451 U.S. 1 (1981) ....................................................................................................................18

*Pierce v. Soc'y of Sisters*,
268 U.S. 510 (1925) ...............................................................................................................7, 8

*Prince v. Massachusetts*,
321 U.S. 158 (1943) ..................................................................................................................8

*Printz v. United States*,
521 U.S. 898 (1997) ................................................................................................................19

*Quilloin v. Walcott*,
434 U.S. 246 (1978) ..................................................................................................................8

*Resurrection School v. Hertel*,
2021 U.S. App. LEXIS 25349 (6th Cir. Aug. 23, 2021) ...........................................................9

*Roman Catholic Diocese of Brooklyn v. Cuomo*,
141 S. Ct. 63 (2020) ...............................................................................................................14

*Russ v. Watts*,
414 F.3d 783 (7th Cir. 2005) ....................................................................................................8

*Stanley v. Illinois*,
405 U.S. 645 (1972) ..................................................................................................................8

*Stolz v. J & B Steel Erectors, Inc.*,
439 F. Supp. 3d 980 (S.D. Ohio 2020) ....................................................................................12

*Sullivan v. Benningfield*,
920 F.3d 401 (6th Cir. 2019) ..................................................................................................14

*T.B. v. Mad River City School Dist. Bd. of Edn.*,
2021 U.S. Dist. LEXIS 181725 (S.D. Ohio Sep. 23, 2021) .....................................................14

*Tate v. Comrie*,
2018 U.S. Dist. LEXIS 46439 (N.D. Ohio Mar. 21, 2018) ......................................................4

*Tenenbaum v. Williams*,
  193 F.3d 581 (2d Cir. 1999)............................................................................8

*Trimuel v. Argent Mortg. Co.*,
  2009 U.S. Dist. LEXIS 95088 (N.D. Ohio Sept. 22, 2009)........................................6

*Troxel v. Granville*,
  530 U.S. 57 (2000)........................................................................7, 8

*Washington v. Glucksberg*,
  521 U.S. 702 (1997)..........................................................................11

*Winkelman v. Parma City School Dist.*,
  550 U.S. 516 (2007)............................................................................8

*Zinman v. Nova Southeastern Univ.*,
  2021 U.S. Dist. LEXIS 165341 (S.D. Fla. Aug. 30, 2021)............................................10, 11

**Other Authorities**

Ninth Amendment........................................................................2, 16, 17

Tenth Amendment .......................................................................2, 17, 18, 19

Ohio Constitution Article I, Sec. 21..................................................2, 14, 16

## INTRODUCTION

Plaintiff Terpsehore Maras ("Plaintiff"), like many other parents and citizens who have brought suits relating to measures taken to stem the spread of COVID-19, seeks to invoke select quotes of the founding fathers and make blanket statements as to how our Constitution bars policies that they dislike or with which they disagree. But the Constitution is not a blanket prohibition against government action and not every policy decision implicates a fundamental right. Rather, the Constitution is a complicated set of rules setting a process by which the competing interests of a nation full of varied citizens and political subdivisions are balanced against one another. Those who argue that the Constitution is a simplistic bar to governance misapprehend both its purpose and its genius. Plaintiff's Opposition does just that.

Pursuant to authority vested in them by the Ohio General Assembly, Defendants passed a reasonable policy requiring students, staff and visitors to wear masks on school grounds, but permitting exceptions for those to whom wearing a mask presented actual medical risks. Plaintiff has not alleged facts in her Amended Complaint from which the Court could plausibly infer a claim that her constitutional rights have been violated. Therefore, the Court should dismiss the Complaint in its entirety.

## STATEMENT OF THE ISSUES

The issue before the Court is whether Plaintiff's Amended Complaint contains sufficient factual allegations which, taken as true, plead a plausible right to relief based on purported violations of the Fifth, Fourteenth, Ninth, and Tenth Amendments to the United States Constitution, and/or Ohio Constitution Article I, Sections 16 and 21. She has not.

## SUMMARY OF THE ARGUMENT

Plaintiff's Amended Complaint fails to state a claim under any federal or state constitutional provision.

First, Plaintiff's due process claims, whether based on federal or state constitutional violations fail. Plaintiff's Amended Complaint does not identify any rights personal to Plaintiff on which relief could be based. While Plaintiff tries to fix this by relying on an improper declaration as well as un-pled theories of liability, even those unpled theories do not save her claims because the mask mandate does not infringe Plaintiff's right to direct her daughter's upbringing or education, nor does it interfere with Plaintiff's health care decisions for herself or her daughter. Multiple other Courts have reaffirmed that mask mandates do not give rise to substantive due process claims for parents.

Second, Ohio Constitution Article I, Sec. 21 is inapplicable. It was passed in response to the federal government's insurance mandates. The mask mandate is simply not equivalent to forcing individuals to enroll in a health care plan or face a penalty or fine.

Third, despite Plaintiff's protests otherwise, the law is settled and clear that the Ninth Amendment does not give rise to a private cause of action because it does not confer substantive rights itself.

Finally, the Tenth Amendment pertains to overreach by the federal government. Plaintiff's Amended Complaint lacks any allegations plausibly suggesting that there is any federal action associated with the mask mandate. At most, she refers to the alleged receipt of federal funding, but that alone does not implicate the Tenth Amendment.

# LAW & ARGUMENT

## I.     PLAINTIFF HAS NOT SUFFICIENTLY PLED THAT THE MASK POLICY VIOLATES ANY FUNDAMENTAL DUE PROCESS RIGHT.[1]

### A.     Plaintiff May Not Rely on Extrinsic Evidence in Opposition to the Motion.

Plaintiff seeks to rely on her own procedurally improper Declaration.  Courts are generally limited to considering the complaint and its exhibits on a Motion to Dismiss. *Cronin v. Kaivac, Inc.*, No. 1:19-cv-758, 2021 U.S. Dist. LEXIS 106915, at *7 (S.D. Ohio June 8, 2021) (citing Fed. R. Civ. P. 12(d)).  Declarations and other materials submitted in response to a motion to dismiss are "matters outside the pleadings" and are not properly considered at the motion to dismiss stage.  *See id.*; *Newman v. Univ. of Dayton*, No. 3:17-cv-179, 2017 U.S. Dist. LEXIS 179868, at *9 (S.D. Ohio Oct. 31, 2017) (noting that affidavits submitted in opposition to a Motion to Dismiss constitute materials outside the pleadings). Although sometimes proper, courts may not convert a motion to dismiss to a motion for summary judgment when the extrinsic documents were not referenced in and integral to the complaint.  *Patel v. AR Grp. Tenn., LLC*, No. 3:20-cv-00052, 2021 U.S. Dist. LEXIS 172063, at *29 n.18 (M.D. Tenn. Sept. 10, 2021); *Cronin*, 2021 U.S. Dist. LEXIS 106915, at *6-7 (declining to convert the motion to a motion for summary judgment).

Further, a declaration or affidavit must be based on personal knowledge.  *Howard v. Wilkes & McHugh, P.A.*, No. 06-2833 MI/P, 2007 U.S. Dist. LEXIS 104931, at *13-14 (W.D.Tenn. Aug. 24, 2007) ("Under Rule 56(e), affidavits shall be made on personal knowledge. . .") (quoting Fed. R. Civ. P. 56(e)).  Significant portions of Plaintiff's declaration are argumentative, beyond her personal knowledge and/or constitute improper hearsay, including the

---

[1] Plaintiff relies on the same arguments in support of her federal and state due process claims.

purported statements regarding statements made to her daughter outside Plaintiff's presence. (*See, e.g.*, Pl.'s Decl. at ¶¶ 3, 8-33, 43-46.)

While *pro se* litigants[2] are given some leeway, they are not excepted from this rule. *Tate v. Comrie,* No. 5:16CV3090, 2018 U.S. Dist. LEXIS 46439, at *23 (N.D. Ohio Mar. 21, 2018) (granting defendants' motion to strike where plaintiff provided an affidavit containing additional facts outside the complaint because the "affidavit is outside the pleadings, and the Court will not consider it."). The Declaration is improper on many levels and the Court should, therefore, ignore it for the purposes of deciding this Motion.

### B. Plaintiff Cannot Prosecute An Action In Her Own Name Seeking To Vindicate Her Daughter's Alleged Constitutional Claims.

Implicitly conceding that she lacks the ability to bring claims on behalf of her daughter *pro se*, Plaintiff's Opposition asks the Court to dismiss her daughter as a plaintiff from the suit. While Defendants are certainly agreeable to dismissal of those claims (to the extent they were actually brought) but the procedural process to do so is less clear. Given that Plaintiff lacked the ability to bring claims on her daughter's behalf in the first place, Plaintiff also cannot dismiss her daughter's purported claims. Thus, Defendants believe that the Court may dismiss "P.M.'s" claims based upon Plaintiff's inability to assert claims on her daughter's behalf *pro se* and for the reasons set forth in Defendants' Motion to Dismiss (*See* Mot. to Dismiss at 4-5 (Dkt. 21-1).)

---

[2] While Plaintiff repeatedly identifies herself as a *pro se* litigant, her Opposition appears, in form and substance, to have been drafted with the assistance of someone with legal training, raising concerns regarding whether this matter may involve impermissible "ghostwriting." A party who holds herself out as a *pro se* litigant but receives legal assistance in drafting submissions to the Court violates the duty of candor to the tribunal and is grounds for imposing sanctions. *See Nutraceuticals v. Cook,* No. 1:20-cv-01803, 2021 U.S. Dist. LEXIS 140798, at *5-7 (N.D. Ohio July 26, 2021) (Calabrese, J.) (*sua sponte* ordering defendant to file a declaration, under penalty of perjury, identifying any person with legal training who assisted in drafting court filings) (collecting cases). There is also a question whether such conduct is limited to this case, or may be at play in several other cases in this District, each of which was initiated by other pro se plaintiffs against other school districts with substantially similar *pro se* Complaints.

While Plaintiff agrees her daughter's claims should be dismissed, she nonetheless continues to defend the Amended Complaint based on alleged violations of her daughter's purported rights.[3] But as established in Defendants' Motion to Dismiss, Plaintiff's personal claims must be based upon purported violations of Plaintiff's own fundamental constitutional rights, not on alleged violations of her daughter's rights. (Mot. to Dismiss at 9-10.) Accordingly, the Court should reject any claims that Plaintiff seeks to assert based on purported violations of P.M.'s constitutional rights (including any purported slights alleged in Plaintiff's Declaration).

### C. The Mask Policy Does Not Violate Plaintiff's Due Process Rights.

Plaintiff's Amended Complaint asserted two potential constitutional rights on which she based her due process claims: (1) the right of her daughter to "pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits;" and (2) the "fundamental right to a public education and to an education in a safe and healthy environment." (Am. Compl. ¶¶ 59, 65, 82, 88 (Dkt. 19).) These are the <u>only</u> purported constitutional interests that Plaintiff pled in the Amended Complaint. Even under a generous reading of the Amended Complaint, Plaintiff has not stated a claim on which relief can be based because these are claims personal to her daughter, which she lacks standing to pursue as a parent. (*See* Mot. to Dismiss at 9-10.)

With her daughter dropped from the lawsuit, Plaintiff now seeks to rely on three interests that she claims form the basis of her Due Process Claims: (1) the disabling of comments for the

---

[3] *See* Pl.'s Opp. at 7 (Dkt. 23) ("Plaintiff is not seeking any compensation for damages. Accordingly, the applicable law does not require Plaintiff's minor daughter 'actually experience' physical harm before Plaintiff can obtain relief."); *id.* at 8-9 ("Plaintiff is the mother of P.M. and as such is entitled to injunctive relief based on decisions that have been **completely ignored** by Defendants.") (emphasis in original); *id.* at Maras Decl. Ex. B (Dkt. 22) (claiming that teachers are bullying her daughter and other students to enforce the policy).

livestream of school board meetings; (2) the right to direct her daughter's education; and (3) the right to make healthcare decisions and/or refuse medical treatment for her daughter. But none of these claims are actually pled in the Amended Complaint. The Court may (and should) dismiss Plaintiff's due process claims on this basis alone. But even if the Court considered Plaintiff's unpled and/or newly identified purported constitutional violations, Plaintiff has still failed to plausibly allege a viable due process claim.

1.    Plaintiff's Procedural Due Process Claim Is Nonsensical.

In this Court, a plaintiff must plead facts that plausibly assert a coherent theory of liability. *Trimuel v. Argent Mortg. Co.*, No. 1:09-cv-1362, 2009 U.S. Dist. LEXIS 95088, at *3 (N.D. Ohio Sept. 22, 2009) (dismissing *pro se* complaint under *Twombly* standard, reasoning that the plaintiff's complaint "lacks any coherent allegations which plausibly state a claim against the defendants."); *see also Copeland v. Custom Packaging*, No. 3:21-cv-00732, 2021 U.S. Dist. LEXIS 191974, at *3 (M.D. Tenn. Oct. 5, 2021) (dismissing *pro se* complaint, reasoning that even under a liberal construction of the allegations, the plaintiff had not "articulated a coherent legal claim" or alleged sufficient facts to show a plausible right to relief). In other words, the claim has to make sense. Plaintiff's claims do not meet that standard.

In support of her procedural due process claim, Plaintiff refers vaguely to "procedures in place [that] were taken away prior to the implementation of the MCSD mask mandate" as a violation of her procedural due process rights. (Pl.'s Opp. at 12 (citing Am. Compl. ¶¶ 56-60).) But the portion of the Amended Complaint to which Plaintiff refers merely alleges that the mask policy violates the constitutionally protected right to pursue an education. As explained in Defendants' Motion to Dismiss and in Section I.B., above, Plaintiff lacks standing to assert any such claim because to the extent the right exists and/or was violated, that claim belongs to her daughter, not Plaintiff.

Plaintiff has not identified any constitutional right — personal to her — which she claims was violated. From what Defendants can decipher, Plaintiff complains of alleged disabling of comments on the live stream of school board meetings. If that is the case, Plaintiff does not allege that this purported change is related to Mayfield's mask policy. And, in any event, Plaintiff affirms that she and other parents were allowed to appear in person at school board meetings to raise concerns regarding, among other things, the mask policy. (Am. Compl. ¶¶ 42-48.) Because it is clear Ms. Maras was given an opportunity to be heard before the School Board adopted the mask policy, her procedural due process claim fails.

    2.    <u>The Mask Policy Does Not Violate Substantive Due Process Because It Does Not Infringe Upon Plaintiff's Federal Constitutional Rights.</u>

    *a.*    *The Mask Policy Does Not Violate Plaintiff's Right to Direct Her Daughter's Education or Upbringing.*

In her Opposition, Plaintiff argues for the first time that the mask policy violates her own constitutional right to direct her daughter's education. Contrary to Plaintiff's suggestion, Defendants did not ignore case law pertaining to this issue — it simply was not relevant because Plaintiff did not allege any such violation in her Amended Complaint. But even if she had, nothing in Plaintiff's Opposition or the relevant case law establishes that the mask policy violates any such right.

Plaintiff is correct that the United States Supreme Court has long recognized that parents have a valid liberty interest in directing the upbringing and education of children under their control. *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534-35 (1925); *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, it is equally well-established that this is a narrow right, and that a parent's right to control a child's education "is neither absolute nor unqualified," and does not include authority to "control each and every aspect of their children's education and oust the state's authority over that subject." *Boriskevich v. Springfield Pub. Schs. Bd. of Educ.*, No. 20-

03240-CV-S-BP, 2021 U.S. Dist. LEXIS 104845, at *11 (W.D. Mo. May 27, 2021).

Plaintiff's pages-long list of authorities (Pl.'s Opp. at 13-14) fails to cite any case that is factually or legally analogous to the question of the mask policy here. *Pierce,* 268 U.S. at 535 and *Meyer v. Nebraska,* 262 U.S. 390 (1923) simply stand for the unremarkable proposition that a parent has a liberty interest in directing the upbringing and education of their children. Defendants certainly agree that right exists. The question is whether it is violated by a mask policy. It is not.

Plaintiff's laundry list of legal authorities[4] identifies only three other cases that involve public education and none have anything to do with these facts or claims: *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 519 (2007) (analyzing parental rights under the Individuals with Disabilities Education Act, not the Constitution); *Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632, 639-40 (1974) (addressing a school board's maternity policy for employees under the Due Process Clause); and *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999) (addressing *procedural* due process rights when child was removed from class without notice for sexual abuse examination).

Plaintiff has not cited any case where any court has found that a school mask mandate even implicates a parent's fundamental right to direct his/her child's upbringing or education.

---

[4] The remaining cases are inapposite. *See Parham v. J.R.*, 442 U.S. 584, 602 (1979) (examining statutory scheme for admitting child to state mental health facilities); *Troxel v. Granville*, 530 U.S. 57, 66 (2000) (examining statute permitting court to overturn parent's decisions concerning non-parental visitation); *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978) (analyzing state laws regarding adoption of illegitimate child); *Moore v. City of E. Cleveland*, 431 U.S. 494, 503-505 (1977) (constitutionality of housing ordinance); *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (state procedural presumption regarding unwed fathers); *Prince v. Massachusetts*, 321 U.S. 158, 166 (1943) (state child labor laws); *Russ v. Watts*, 414 F.3d 783, 789 (7th Cir. 2005) (addressing and finding against existence of constitutional right to recover for the loss of the companionship of adult child); *Hodge v. Jones*, 31 F.3d 157, 163 (4th Cir. 1994) (addressing state officials' maintaining records of child abuse investigation).

That is because every court considering the issue has uniformly *rejected* such claims, each

finding that the right to control a child's education and upbringing was not so broad as to

encompass mask mandates and other COVID-related restrictions.  *See Resurrection School v.*

*Hertel*, No. 20-2256, 2021 U.S. App. LEXIS 25349, at *33-51 (6th Cir. Aug. 23, 2021) (mask

mandate did not violate the free exercise of religion, equal protection or substantive due process

rights); *Case v. Ivey*, No. 2:20-CV-777-WKW, 2021 U.S. Dist. LEXIS 102520, at *65 (M.D.

Ala. June 1, 2021) (court skeptical the right is broad enough "to encompass an interest in keeping

one's children from wearing a mask during a global pandemic" and that, in any event, the mask

requirement did not rise to the level of conscience-shocking required to sufficiently state a

substantive due process claim); *Guilfoyle v. Beutner*, No. 221-cv-05009, 2021 U.S. Dist. LEXIS

195396, at *45, 54-55, 45 n.8 (C.D. Cal. Sept. 14, 2021) (fundamental right to direct child's

upbringing does not extend to mask mandates); *Lloyd v. Sch. Bd. Of Palm Beach County*, No.

9:21-cv-81715-KMM, 2021 U.S. Dist. LEXIS 210628, at *21-41 (S.D. Fla. Oct. 29, 2021)

(fundamental right to direct child's upbringing does not extend to mask mandates); *Klaassen v.*

*Trs. Of Ind. Univ.*, No. 1:21-cv-238 DRL, 2021 U.S. Dist. LEXIS 133300, at *106 (N.D. Ind.

July 18, 2021) ("[T]here is no fundamental constitutional right to not wear a mask."); *Oberheim*

*v. Bason*, No. 4:21-cv-01566, 2021 U.S. Dist. LEXIS 188843, at * 18 (M.D. Pa. Sept. 30, 2021)

(parents' right to raise children without undue state interference does not require school district

to permit children to attend school without masks; likewise children do not have a fundamental

right to attend school without masks on.").[5]

---

[5] *See also Boriskevich v. Springfield Pub. Schs. Bd. of Educ.*, No. 20-03240-CV-S-BP, 2021 U.S.
Dist. LEXIS 104845, at *14-15 (W.D. Mo. May 27, 2021) (right to control a child's education
does not allow parents to "micromanag[e] the education their children receive in public schools
or otherwise 'preempt[] the educational process" and the school district was not required to
present its re-entry plan for public approval); *Aviles v. De Blasio*, No. 1:20-cv-09829, 2021 U.S.

Simply put, the mask policy does not violate Plaintiff's substantive due process right to direct her daughter's education.

b. *Wearing A Mask At School Does Not Interfere With Plaintiff's Right to Direct Health Care Decisions For Her Daughter.*

Plaintiff's right to direct her daughter's medical care does not save her due process claims because neither the Amended Complaint nor her Declaration allege any facts suggesting that the Mayfield mask policy forces "medical treatment" on her daughter. Plaintiff alleges, but does not explain how, wearing a facial mask is equivalent to health care treatment.

Simply put, wearing a mask is not a medical treatment, and requiring a mask at school does not impose "medical treatment" without the parent's consent. *Zinman v. Nova Southeastern Univ.*, No. 21-CV-60723, 2021 U.S. Dist. LEXIS 165341, at *46-47 (S.D. Fla. Aug. 30, 2021) (dismissing complaint, parents' allegation that requiring individuals to wear a face mask "requiring medical treatment" was not plausible); *see also Jacobson v. Massachusetts*, 197 U.S. 11, 28 (1905) (compulsory vaccination law did not violate federal constitution).

Plaintiff's reliance on *Kanuszewski v. Mich. HHS*, 927 F.3d 396 (6th Cir. 2019) does not support a finding that the mask policy here implicates a fundamental right to make healthcare decisions for Plaintiff's daughter. That case dealt with the invasive process of drawing blood from a baby at birth (without the parents' informed consent). *Id.* at 404. It is not plausible to argue that wearing a mask is the equivalent of inserting a needle into a baby and drawing blood. *Kanuszewski* is simply inapplicable to the facts here.

None of the other cases that Plaintiff relies upon from other jurisdictions support her claim that wearing a mask at school is a "medical treatment;" each involves actual, recognized,

Dist. LEXIS 38930, at *56 (S.D.N.Y. Mar. 2, 2021) (parents' challenge to school reopening plan failed to state a claim because "there is no fundamental right to dictate to a school district . . . whether classes should be conducted remotely or in-person").

medical treatments. *See, e.g.*, *Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261, 268-70 (1990) (artificial feeding and hydration equipment); *Mills v. Rogers*, 457 U.S. 291, 294 n.4 (1982) (administration of antipsychotic drugs); *Washington v. Glucksberg*, 521 U.S. 702, 725 (1997) (assisted suicide).

There is simply no legal or common-sense basis to claim that wearing a mask at school implicates (let alone violates) Plaintiff's parental right to direct her daughter's medical care.

### c. The Mask Policy Is Not Conscience Shocking.

To succeed on a claim of violation of a parent's substantive due process right, it must be shown that the conduct is arbitrary or conscious shocking. *Ass'n of Jewish Camp Operators v. Cuomo*, 470 F. Supp. 3d 197, 225-26 (N.D.N.Y. 2020) (citing *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995); *Case v. Ivey*, No. 2:20-CV-777-WKW, 2021 U.S. Dist. LEXIS 102520, at *65 (M.D. Ala. June 1, 2021). On its face. Plaintiff's Amended Complaint fails because it is not plausible to argue that the mask policy rises to the level of conscience shocking. Indeed, several other courts have rejected similar arguments in the context of COVID-19 restrictions. *Case*, 2021 U.S. Dist. LEXIS 102520, at *65; *Zinman*, 2021 U.S. Dist. LEXIS 165341, at *46-47; *Lloyd*, 2021 U.S. Dist. LEXIS 210628, at *29; *Ass'n of Jewish Camp Operators*, 470 F. Supp. 3d at 225.

### d. The Mask Policy Easily Passes Rational Basis Review.

Plaintiff incorrectly asserts that the Mayfield's mask policy is subject to strict scrutiny. Because the mask policy does not implicate any fundamental rights, it is reviewed under the rational basis standard. *Midkiff v. Adams Cty. Regional Water Dist.*, 409 F.3d 758, 769-770 (6th Cir. 2005); *Magnum Towing & Recovery, LLC v. City of Toledo*, 430 F. Supp. 2d 689, 699 n.5 (N.D. Ohio 2006). "A purported rational basis may be based on rational speculation unsupported by evidence or empirical data and need not have a foundation in the record." *Gardner v. City of*

*Cleveland*, 656 F. Supp. 2d 751, 761 (N.D. Ohio 2009) (citing *Midkiff*, 409 F.3d at 770, internal quotations omitted).

Rational basis review is highly deferential and "a plaintiff faces a severe burden and must 'negate all possible rational justifications for the distinction.'" *Midkiff*, 409 F.3d at 769-770 (quoting *Gean v. Hattaway*, 330 F.3d 758, 771 (6th Cir. 2003)); *Gardner*, 656 F. Supp. 2d at 761 ("It is Plaintiff's burden to establish that Defendants' action was not rationally related to a legitimate government interest."); *Stolz v. J & B Steel Erectors, Inc.*, 439 F. Supp. 3d 980, 989 (S.D. Ohio 2020) (rational basis analysis starts with a strong presumption of constitutionality). The mask policy must be upheld if there is any rational basis for it. *See Magnum Towing & Recovery*, 430 F.Supp.2d at 699 n.5; *see also Midkiff*, 409 F.3d at 769-770 (policy must be upheld if a rational relationship exists between disparity of treatment and some legitimate government purpose); *Stolz v. J & B Steel Erectors, Inc.*, 439 F. Supp. 3d 980, 989 (S.D. Ohio 2020) (when policy appears to promote an identified public purpose, "claims that the statute is over-or under-inclusive in pursuing that purpose are non-starters.").

Plaintiff does not suggest that the School District's stated purposes of stemming the spread of COVID-19 and preventing disruption of education are not legitimate. She even acknowledges that the CDC recommends masking in schools. (Maras Decl. ¶ 6.) But she disagrees with the District's conclusion that the policy can effectively further those goals (and also disagrees with the public health authorities on which the School District relied). As multiple other courts have held, her opinions are insufficient to state a claim for violation of substantive due process. Plaintiff may not substitute her judgment for those duly appointed to set policy for the Mayfield schools.

Indeed, several other courts have already addressed these claims and held that there is a legitimate state interest in controlling the spread of COVID-19 in schools and that claims based on competing "science" are not sufficient to negate policies under the rational basis test. *See Guilfoyle*, 2021 U.S. Dist. LEXIS 195396, at *56 n.7 ("The Due Process Clause does not require scientific consensus to justify government action. Rather as here, the actions simply must be supported by a rational basis because no fundamental right is at stake."); *Lloyd*, 2021 U.S. Dist. LEXIS 210628, at *21-41 (in light of legitimate concerns regarding the spread of COVID-19, claims that mask mandate was ineffective and could pose a danger failed to meet burden to show lack of rational basis); *Oberheim*, 2021 U.S. Dist. LEXIS 188843, at *17-18 (rational basis test is a "low bar;" "it is beyond dispute that schools have a legitimate interest in promoting the health and safety of its students") (internal quotations omitted); *see also Klaassen*, 2021 U.S. Dist. LEXIS 133300, at *106 (students failed to show a likelihood of success on the merits where vaccine mandate would pass rational basis review).

This Court should also reject such claims claim and dismiss Plaintiff's claims.

### D.     Plaintiff Has Not Identified A Sufficient Threat Of Harm.

Plaintiff's Opposition bobs and weaves in an attempt to escape the fact that the claimed injury here is the type of speculative fear that is insufficient to state a claim, even for a purported constitutional violation.

Plaintiff acknowledges that she is seeking an injunction to "prevent **ongoing and future harm**." (Pl.'s Opp. at 7 (emphasis in original).) However, at most Plaintiff has alleged that wearing masks <u>might</u> harm students, generically. (*Id*.) Notably, her pleadings actually make clear that her daughter is not following the mask policy at school, meaning that it is impossible for her to be at risk of injury from wearing a mask. Further, Plaintiff does not dispute that there is an exemption process to the extent wearing a mask would be actually detrimental to her

daughter or any other individual.  But Plaintiff's contention that masks are not effective and/or that wearing a mask could possibly have some negative effect on some theoretical child is the exact type of speculative potential harm that renders her claims unactionable.  (Mot. to Dismiss at 8-9.)

Nor can Plaintiff's claims survive simply because she asserts a constitutional violation. None of the cases cited by Plaintiff confer standing without injury.[6]  *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 74 (2020) (declining to address standing requirements because "the State does not suggest that the applicants lack standing to challenge" restrictions on religious services during the pandemic); *Honig v. Doe*, 484 U.S. 305, 317 (1988) (discussing the "reasonable expectation" of recurring harm for purposes of mootness review); *Sullivan v. Benningfield*, 920 F.3d 401, 407-08 (6th Cir. 2019) (addressing standing requirements to challenge a rescinded policy offering a 30-day sentencing credit for inmates who consented to sterilization)).

## II.     Ohio Constitution Article I, § 21 Is Inapplicable to Plaintiff.

As explained in Section I.B., Plaintiff must base her claims on violations of her own constitutional rights.  But because there is no allegation that Plaintiff herself has been compelled to participate in a health care system, her claim based on Ohio Constitution Article I, § 21 fails. *See, e.g.*, *T.B. v. Mad River City School Dist. Bd. of Edn.*, No. 3:21-cv-256, 2021 U.S. Dist. LEXIS 181725 (S.D. Ohio Sept. 23, 2021) (dismissing complaint challenging mask mandate in child's school, including claim asserted under Ohio Constitution Article I, § 21.)

---

[6] *NRA of Am. V. Magaw*, 132 F.3d 272, 278 (6th Cir. 1997) involved a narrow circumstance were "pre-enforcement review" was granted to drug and firearm manufacturers bringing claims under the Declaratory Judgment Act.  132 F.3d at 284.  However, "pre-enforcement review" applies only to claims brought by manufacturers, not individuals, and Plaintiff has not brought any claims under the Declaratory Judgment Act.  *Id.* at 293.

Plaintiff's position that the mask policy compels Plaintiff (or her daughter) to participate in a health care system is not supported by the text of the statute or any case law. As even Plaintiff acknowledges, that constitutional provision was designed to address the requirement that all Americans enroll in health care plans under the Affordable Care Act. Plaintiff does not provide any legal support for her contention that a school board policy is equivalent to a local law or rule – she simply argues that it is without any explanation why. Plaintiff does not explain how the mask policy involves the management of, processing of, enrollment of individuals for, or payment for health care services, health care data, or health care information. It clearly does not; the policy merely requires individuals to wear masks on school grounds.

The Amended Complaint is also devoid of any factual allegations plausibly supporting the conclusion that the policy compels Plaintiff's daughter to participate in a health care system. (Mot. to Dismiss at 11 (Dkt. 21-1).) Plaintiff does not allege in the Amended Complaint that she is a participant in the "Wildcat Health Care System" she complains of in her Declaration. Nor does she allege that her daughter actually partakes in any health care services offered by the school.

Plaintiff instead relies on allegations in her own Declaration. But even Plaintiff's Declaration fails to identify facts sufficient to overcome Defendants' Motion to Dismiss. For example, Plaintiff relies on other services allegedly offered and non-mask data collected by the School District, alleging that:

- the school system has a Dashboard that tracks positive reported COVID-19 cases and quarantine among students;
- the School System offers onsite health care, including Covid-19 vaccines; and
- the School's health center it is the "nerve center" for data collection and she did not consent to use of her daughter's personal health care data in the system.

(Maras Decl. ¶¶ 34-35, 41-43.)  Plaintiff does not connect the offering of such services to the mask policy.  That is because there is no such connection.  These offerings are not tethered to, and would exist independent of, the mask policy.

Plaintiff's Declaration also contradicts her claim that her daughter has been compelled to participate in a health care system.  Plaintiff expressly asserts that she has not given the school permission to treat her daughter.  (Maras Decl. ¶ 43.)  In addition, the text message attached as Exhibit B to Plaintiff's Declaration establishes that Plaintiff's daughter does not wear a mask at school.  (Maras Decl., Ex. B.)  Thus, Plaintiff's own allegations dispel any notion that Plaintiff's daughter has been compelled to engage in any type of health care system due to the mask policy.

The Court should reject Plaintiff's absurd attempt to twist the purpose and meaning of Art. I, § 21 to suit her purpose.

## III.  Plaintiff Fails To Save Her Claim Under The Ninth Amendment, Which Does Not Give Rise To A Private Cause Of Action.

It is well-established that the Ninth Amendment does not confer substantive rights and a plaintiff cannot bring a claim under that amendment alone, Mot. to Dismiss at 13, and that Plaintiff's purported claim under the Ninth Amendment is, therefore, contrary to law.  Plaintiff complains that this recitation of the law is simply "wrong," Pl.'s Opp. at 19, yet does not cite a single case to the contrary and acknowledges that "the Ninth Amendment operates here only as a conduit for asserting [Plaintiff's] fundamental rights as a parent. . ." (*Id.* at 20.)

Plaintiff attempts to rely on *Griswold v. Connecticut*, 381 U.S. 479 (1965) to support her Ninth Amendment claim, a case involving the unarticulated but implied constitutional right of married couples to use contraceptives.  (Pl.'s Opp. at 20.)  However, Justice Goldberg's concurrence in *Griswold*, cited by Plaintiff, flatly rejected Plaintiff's argument that the Ninth Amendment confers any substantive rights.  381 U.S. at 492 ("Nor do I mean that the Ninth

Amendment constitutes an independent source of rights protected from infringement by either the States or the Federal Government. Rather, the Ninth Amendment shows a belief of the Constitution's authors that fundamental rights exist that are not expressly enumerated in the first eight amendments and an intent that the list of rights included there not be deemed exhaustive.").

Neither can Plaintiff rely on *Roe v. Wade*, to support her purported claims under the Ninth Amendment. (Pl's Opp. at 21.) *Roe* does not create a cause of action under the Ninth Amendment, and, in relevant part, simply recognized the existence of rights not mentioned in the text of the Constitution, which Defendants have never disputed. 410 U.S. 113, 152-53 (1973) (recognizing the existence of a right to privacy in the penumbras of the Bill of Rights and the Ninth Amendment); *see* Mot. to Dismiss at 12-13 ("While the Ninth Amendment recognizes the existence of unenumerated but nonetheless fundamental rights, actions alleging a violation of those rights must be brought under other Constitutional amendments.").

Therefore, Plaintiff fails to distinguish longstanding precedent in this Circuit that the Ninth Amendment does not, standing alone, support a Constitutional claim. (Mot. to Dismiss at 12-13.) Accordingly, Plaintiff's Ninth Amendment claim should be dismissed.

## IV.     Plaintiff Fails To Articulate Any Action By The Federal Government To Support A Claim Under The Tenth Amendment.

Plaintiff fails to distinguish the weight of authorities which provide that the Tenth Amendment prohibits the federal government from usurping powers reserved to the state. (Mot. to Dismiss at 13-14.) Plaintiff incorrectly states that the Tenth Amendment and "[a]ll constitutional prohibitions . . . stand as prohibitions against *all* conduct from *any* quarters." (Pl.'s Opp. at 22.) (emphasis added.) Rather, it is well settled that the Tenth Amendment concerns overreach by the federal government, *not the states*. *McGuire v. McCormick*, No. 16-cv-13113, 2017 U.S. Dist. LEXIS 166170 (E.D. Mich. May 22, 2017) ("The Tenth Amendment

embodies the principle of federalism, or dual sovereignty for the states and the federal government. Thus, "*Congress* cannot compel the states to enact or enforce a *federal* regulatory program. . .") (emphasis added) (quoting *Printz v. United States*, 521 U.S. 898, 935 (1997)).

Plaintiff also fails to demonstrate how Defendants' receipt of federal funding supports a claim under the Tenth Amendment. (Pl.'s Opp. at 22). The federal government is free to provide, or limit the use of, public funds without implicating the Tenth Amendment. *Pennhurst State Scho. And Hosp. v. Halderman*, 451 U.S. 1, 17 (1981) (recognizing that U.S. Supreme Court precedent has "long recognized that congress may fix the terms on which it shall disburse federal money to the states."); *Johnson v. Martin*, 223 F.Supp.2d 820, 832 (W.D.Mich. 2002) (finding no 10th Amendment violation because Congress can use its Spending Clause power to impose conditions on receipt of funds that regulate state activity); *In re City of Detroit*, 504 B.R. 191, 241 (Bankr. E.D. Mich. 2013) (noting that the Tenth Amendment is violated "only when the state does not consent" to the federal government's activity, and states are "free to engage with the federal government across a broad range of subject areas."). Nor has the federal government overstepped by issuing CDC guidance on the science supporting masks in schools, which, is just that — guidance.

The cases Plaintiff cites do not even remotely suggest that Defendants' mask policy violates the Tenth Amendment. *See, e.g.*, *Hybud Equip. Corp. v. City of Akron*, 654 F.2d 1187, 1196 (6th Cir. 1981) (local city garbage collection ordinance not preempted by federal law); *Chiafalo v. Washington*, 140 S. Ct. 2316, 2333 (2020) (state has authority to fine electoral voters who broke the pledge to support their party's nominee in the absence of a provision reserving such authority to the federal government); *Murphy v. NCAA*, 138 S. Ct. 1461, 1477 (2018) (striking down federal statute that commandeered state law by "unequivocally dictat[ing] what a

state legislature may and may not do" in connection with the prohibition against sports gambling); *Printz v. United States*, 521 U.S. 898, 936 (1997) (O'Connor, J., concurring) (invalidating sections of federal law requiring state and local law enforcement officers to perform background checks on prospective handgun owners).

Plaintiff has simply not identified any legitimate basis on which to invalidate Defendants' mask policy under the Tenth Amendment or any other Constitutional provision.

## <u>CONCLUSION</u>

The Court has given Plaintiff multiple opportunities to identify and articulate the constitutional rights that she claims violate her constitutional rights. She has repeatedly failed to do so. Plaintiff continues to throw around various constitutional terms and theories, twisting or outright misrepresenting them to suit her needs in an effort to avoid dismissal. Regardless of what theory Plaintiff pursues, as a matter of law, the mask policy does not violate her constitutional rights. Thus, notwithstanding the fact that Plaintiff is acting *pro se*, the Court should dismiss the Complaint for lack of standing as to claims asserted on behalf of Plaintiff's daughter and for failure to state a claim on which relief can be sought as to Plaintiff's own claims.

Respectfully Submitted,

*/s/ Thomas L. Feher*
Thomas L. Feher (#0038575)
Tom.Feher@ThompsonHine.com
Kyle A. Hutnick (#0095673)
Kyle.Hutnick@ThompsonHine.com
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 566-5500
Fax: (216) 566-5800

Stephanie M. Chmiel (#0087555)

Stephanie.Chmiel@ThompsonHine.com
**THOMPSON HINE LLP**
41 South High Street, Suite 1700
Columbus, Ohio 43215
Phone:  (614) 469-3200
Fax:  (614) 469-3361

*Attorneys for Defendants*

## LOCAL RULE 7.1(f) CERTIFICATION

This case has not yet been assigned to any track. This reply memorandum adheres to the page limitation set forth in Local Rule 7.1 for unassigned cases.

*/s/ Thomas L. Feher*
*One of the Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2021, a copy of the foregoing **Reply in Further Support of Defendants' Motion to Dismiss the Amended Complaint** was filed electronically with the United States District Court for the Northern District of Ohio. Notice was sent to Plaintiff at mayfieldparentsunion@gmail.com.

.

*/s/ Thomas L. Feher*
*One of the Attorneys for Defendants*