UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED

DEC 16 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| TERPSEHORE MARAS, | Case No: 1:21-CV-1711 |
| Plaintiff, | Hon. Solomon Oliver, Jr., U.S.D.J. |
| vs. | |
| MAYFIELD CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al, | |
| Defendants. | |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND AND FOR APPOINTMENT OF COUNSEL

Plaintiff Terpsehore Maras
410 Superior Ave., #14597
Cleveland, OH 44114
Tel: (503) 430-0000
mayfieldparentsunion@gmail.com

## STATEMENT OF ISSUES

Plaintiff Terpsehore Maras ("Plaintiff") seeks leave to amend her Complaint to continue pursuing her action against the Ohio Governor. On November 24, 2021, in a merit decision without opinion, the Ohio Supreme Court dismissed the Writ of Mandamus Complaint against the Governor that was filed by Plaintiff. The Governor successfully moved to dismiss arguing that "Plaintiff actually seeks prohibitory injunctions, apparently to stop all COVID-19-related recommendations or requirements in the State of Ohio, as well as to direct Defendant to follow the Ohio Constitution in the future." More specifically, the Ohio Attorney General – on behalf of Defendant, argued before the Ohio Supreme Court: "Plaintiff has an adequate remedy at law for the entire Complaint in the form of a declaratory judgment and prohibitory injunctions." Maras Decl., ¶ 3. Other changes found in the Second Amended Complaint ("SAC") involve the withdrawal of the previously asserted direct claims of Plaintiff's minor daughter and the addition of allegations regarding bullying carried on by teachers of Plaintiff's minor daughter.

## SUMMARY OF ARGUMENTS

Plaintiff is asserting her fundamental constitutional rights by way of this action. Her Federal claims stem from the Ninth, Tenth, and Fourteenth Amendments of the U.S. Constitution and state claims primarily from the Ohio Constitution Article I, Section 21. Such claims are outlined in the pending Motion to Dismiss filed by Defendants. As for the addition of a new party, the SAC merely alleges the very claims that were argued by the Ohio Attorney General as being the province of a trial court. Given that the Ohio Supreme Court decided in favor of the Governor – dismissing the action without any written opinion, this Court is now guided by such ruling and Plaintiff seeks the relief not able to be obtained before the Ohio

Supreme Court given the prior motion of the Governor. To that end, the Governor is now collaterally estopped from making any contrary argument in this Court.

## FACTUAL BACKGROUND

On September 10, 2021, Plaintiff filed a Complaint in mandamus against the Governor of Ohio, Mike DeWine. The papers filed by Plaintiff included over 70 affidavits filed by Ohioans in support of her action. On October 7, 2021, the Governor filed a Motion to Dismiss. Plaintiff filed her opposition on October 18, 2021. On October 28, 2021, Assistant Attorney General Ann Yackshaw filed a Notice of Withdrawal a counsel for the Governor. On November 24, 2021, the Ohio Supreme Court granted the Motion to Dismiss without filing any Opinion. The Decision was filed by Chief Justice O'Connor and concurred by Justices Kennedy, DeWine, Donnelly, Stewart, and Brunner. Justice Fischer did not participate in the ruling.

## ARGUMENT

### POINT I
### PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE ALLOWED GIVEN IT ASSERTS A CLAIM INVOLVING FACTS INTERTWINED WITH THE PRESENT ACTION AND ASSERTS CLAIMS ARGUED BY THE GOVERNOR HIMSELF SHOULD BE ASSERTED AT THE TRIAL LEVEL

The Federal Rules of Civil Procedure instruct district courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Guided by that overarching principle, the district court may weigh the following factors when considering a motion to amend: undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930

F.3d 775, 786 (6th Cir. 2019).

There is no undue delay here given there is a pending Motion to Dismiss and discovery has not begun. Bad faith does not exist here – Plaintiff is merely conforming the SAC to the evidence, withdrawing direct claims of her minor child – something that Defendants wanted, and moving at the suggestion of the Ohio Supreme court. Given such circumstances, any suggestions of bad faith would make no sense. There has been no ruling regarding any "previously identified deficiencies" so that prong is not applicable. Moreover, there is no "futility" in the proposed amendment given it reaffirms existing viable claims and inserts a new one requested by the Governor. Should the Governor want to file a Motion to Dismiss on grounds not previously articulated Plaintiff will defend as necessary. Suffice it to say, there is ample authority for this action against Ohio's current Governor. *See e.g.*, *Maryville Baptist Church, Inc. v. Beshear*, 957 F. 3d 610 (6th Cir. 2020); *League of Women Voters of Ohio v. Brunner*, 548 F. 3d 463 (6th Cir. 2008); *League of Women Voters of Ohio v. Blackwell*, 432 F. Supp. 2d 723 (N.D. Ohio 2005); *Allied Artists Pictures Corp. v. Rhodes*, 473 F. Supp. 560 (S.D. Ohio 1979), *aff'd*, 679 F.2d 656, 665 n. 5 (6th Cir.1982). *See also* Affidavit of Terpsehore Maras, dated December 13, 2021, Exhibit "A". And finally, there is no "lack of notice" or "undue prejudice" for the same reasons stated above, namely this Motion to Amend is driven by the November 24, 2021 dismissal ruling from the Ohio Supreme Court and discovery has not begun.

It is important to note that this amendment does not in any way change the arguments of the existing parties as regards the pending Motion to Dismiss and such motion can be decided prior to the Motion to Amend. On balance, the arguments remain the same given the opposition brief of Plaintiff already describes the changes made in the Second Amended

Complaint. *See* Opposition Memorandum of Law, dated October 29, 2021, at 11, n. 7 ("This teacher bullying is outlined in the Maras Declaration but not in the Amended Complaint. It is respectfully requested that the Court rule on the motion based, in part, on the Declaration of Plaintiff. **Otherwise, the Court can allow Plaintiff to amend the Complaint, pursuant to Fed. R. Civ. P. 15(a)(2), to conform to the evidence**.") (emphasis added). Indeed, the only real new element is the addition of a new party who will be represented by **new counsel** who will address the Second Amended Complaint in due course.

For the above reasons, Plaintiff's Motion to Amend should respectfully be granted.

**POINT II**
**THIS COURT SHOULD RESPECTFULLY REFER THIS MATTER TO COUNSEL WILLING TO REPRESENT PLAINTIFF ON A PRO BONO BASIS**

Pursuant to 28 U.S.C. § 1915(d), "a district court has discretion to appoint counsel for an indigent civil litigant." Plaintiff's Affidavit submitted with this Motion outlines the reasons for the request. Plaintiff is indigent and unable to afford legal counsel to pursue this matter. Moreover, this action involves complex issues and is the sort of "exceptional" case that would benefit from the use of legal counsel. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (Appointment of counsel is "a privilege that is justified only by exceptional circumstances."). "In determining whether `exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks & citations omitted). There is no other court being provided with sufficient evidence to unpeel the

onion on these important public issues – making this an "exceptional" case for Ohio.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion to Amend and for Appointment of Counsel; and that the Court grant what other relief it deems fair and just.

                                                                                              Respectfully submitted,

                                                                                              _____

Dated: December 16, 2021                                        TERPSEHORE MARAS