# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| P.M., a Minor, By and Through Her Parent, TERPSEHORE MARAS, | CASE NO. 1:21 CV 1711 |
| Plaintiffs, | JUDGE SOLOMON OLIVER, JR. |
| vs. | |
| MAYFIELD CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al. | **RESPONSE TO MOTION TO APPOINT COUNSEL** |
| Defendants. | |

Plaintiff, proceeding *pro se*, brought this lawsuit on behalf of herself and her minor daughter against the Mayfield City School District Board of Education in connection with the Defendant Mayfield City School District's mask mandate. After filing a 27-page Complaint and Motion for Temporary Restraining Order, including an expert affidavit and a Motion to Amend and Amended Complaint with new allegations of specific constitutional violations, Plaintiff has filed yet another Motion to Amend her Complaint to add new allegations and parties.[1] Plaintiff now also asks the Court to appoint legal counsel to represent her in this case. The Court should decline to appoint legal counsel for Plaintiff because, under the Local Rules, she has not properly supported her request and, moreover, appears to already have the support of a legally trained professional.

Local Rule 83.10 provides that "counsel may be assigned to represent a *pro se* litigant in a civil case" at the discretion of the Court. The Rule acknowledges that counsel in civil cases "is not a right" and that appointments should only be made in "limited cases."

---

[1] Defendants will address Plaintiff's Motion for Leave to file a Second Amended Complaint in a separate filing.

Appendix J to the Rule provides that the *pro se* litigant seeking appointment of counsel must provide an Affidavit of Need to the Court in which the plaintiff attests that her household income did not exceed 200% of the Federal Poverty Guidelines. Plaintiff provided a "declaration" in which she averred that she could not afford legal counsel. But she does not aver that her household income is below 200% of the Federal Poverty Guidelines as required.

Moreover, even if Plaintiff submitted a correct Affidavit, Plaintiff suggests no basis for the Court to exercise its discretion to appoint counsel. The Sixth Circuit has emphasized that the appointment of counsel in a civil case is not a right and is "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts consider the plaintiff's ability to represent themselves, the chance of success on plaintiff's claims, and the complexity of the matter in determining whether exception circumstances exist. *Id.* at 606.

Plaintiff has not identified any exceptional circumstances. Notably, Plaintiff's Section 1983 claims would provide for an award of legal fees if they were viable, and the Court is aware that there are many attorneys that undertake representation in these matters based upon the availability of such an award - in cases that are legally and factually viable. Thus, Plaintiff's supposed inability to find counsel is less a function of her finances than that she does not have a legally cognizable claim.

Finally, as noted in Defendants' recent Motion to Dismiss, the content and style of Plaintiff's pleadings thus far suggests strongly that she has already utilized the services of legally trained professionals in her case, in violation of this Court's strong policy against ghostwriting. *See Nutraceuticals v. Cook*, No. 1:20-cv-01803, 2021 U.S. Dist. LEXIS 140798, at *5-7 (N.D. Ohio July 26, 2021) (Calabrese, J.) ("Drafting legal documents for a *pro se* litigant is often called "ghostwriting"—a practice the federal courts almost universally condemn.") (collecting cases).

If true, Plaintiff neither needs nor deserves appointed counsel. Thus, the request for appointed counsel should not be considered until the Court can be satisfied of the facts regarding whether Plaintiff has already benefitted from the assistance of counsel to draft her First and Second Amended Complaints.

Accordingly, there is no reason to further delay adjudication of Plaintiff's insufficient claims pending a search for appointed counsel and the request should be denied.

Respectfully Submitted,

*/s/ Thomas L. Feher*
Thomas L. Feher (#0038575)
Tom.Feher@ThompsonHine.com
Kyle A. Hutnick (#0095673)
Kyle.Hutnick@ThompsonHine.com
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 566-5500
Fax: (216) 566-5800

Stephanie M. Chmiel (#0087555)
Stephanie.Chmiel@ThompsonHine.com
**THOMPSON HINE LLP**
41 South High Street, Suite 1700
Columbus, Ohio 43215
Phone: (614) 469-3200
Fax: (614) 469-3361

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December, 2021, a copy of the foregoing **Response to Motion to Appoint Counsel** was filed electronically with the United States District Court for the Northern District of Ohio. Notice was sent to Plaintiff at mayfieldparentsunion@gmail.com.
.

                                                  */s/ Thomas L. Feher*
                                                  *One of the Attorneys for Defendants*