IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| P.M., a Minor, By and Through Her Parent, TERPSEHORE MARAS, | CASE NO. 1:21 CV 1711 |
| Plaintiffs, | JUDGE SOLOMON OLIVER, JR. |
| vs. | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT** |
| MAYFIELD CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al. | |
| Defendants. | |

## INTRODUCTION

Plaintiff Terpsehore Maras ("Plaintiff") seeks leave to file a Second Amended Complaint both to add a new party – Governor Mike DeWine – and also to address pleading deficiencies raised by Defendants the Mayfield City School District Board of Education (the "Board"), its Superintendent Dr. Michael J. Barnes (the "Superintendent"), and its members Ron Fornaro, Sue Grozek, Al Hess, George Hughes, and Jimmy Teresi (collectively, "Defendants") in their Motion to Dismiss the First Amended Complaint (Dkt. 21, 24). Defendants oppose amendment because none of Plaintiff's proposed changes render her purported constitutional claims viable[1] and granting amendment would require Defendants to expend further time and resources to address Plaintiff's insufficient claims for the third time, unnecessarily prolonging this litigation.

Therefore, Defendants ask the Court to deny Plaintiff's Motion for Leave to Amend and dismiss the First Amended Complaint for all of the reasons set forth in Defendants' Motion to Dismiss (Dkt. 21, 24).

---

[1] Defendants do not take a position regarding Plaintiff's attempt to add Governor DeWine as a party to the litigation, other than that all claims against all parties are insufficient as a matter of law.

- 1 -

## BACKGROUND

Plaintiff filed her Complaint and sought a TRO against Defendants on September 2, 2021 on her daughter's behalf and, purportedly, in her own name. (Dkt. 1.) Defendants opposed the TRO and sought dismissal to the extent Plaintiff sought to represent her daughter *pro se*. (Dkt. 6, 7.) The Court denied the TRO on September 13, 2021, finding, among other things, that Plaintiff lacked a likelihood of success on the merits. (Dkt. 10.) The Court took the Motion to Dismiss under advisement, giving Plaintiff additional time to file her opposition to the Motion to Dismiss.

On October 1, 2021, Plaintiff filed her First Amended Complaint. (First Amd. Compl. ("FAC") (Dkt. 19).) In the First Amended Complaint, Plaintiff attempted to dismiss her daughter from the action and made other substantive modifications to the Complaint, including asserting additional claims for alleged constitutional violations. (*See id.*)

In response, on October 15, 2021 Defendants moved to dismiss the First Amended Complaint because:

- There is no due process violation because the mask policy does not impact Plaintiff's daughter's ability to receive an education, and Plaintiff has not identified any due process rights personal to her that the mask policy plausibly violates;

- There is no violation of Ohio Constitution Article I, § 21 because neither Plaintiff nor her daughter is being compelled to participate in a health care system;

- The Ninth Amendment does not give rise to a substantive cause of action; and

- The Tenth Amendment is inapplicable because there is no action by the federal government here that is usurping powers reserved to the state (Count V).

(Mot. to Dismiss at 5-14 (Dkt. 21); Defs.' Reply in Support of Mot. to Dismiss at 3-19 (Dkt. 24).)

Before the Court could rule on the pending Motion to Dismiss, Plaintiff filed the current Motion seeking permission to file a Second Amended Complaint. (Dkt. 25.) While Plaintiff

claims that the Second Amended Complaint simply seeks to add a new party, Governor DeWine, a review of the proposed Second Amended Complaint makes clear that Plaintiff also modified her allegations against Defendants in response to their October 15 Motion to Dismiss.

Specifically, while the bases for Plaintiff's claims for alleged violations of Ohio Constitution Article I, § 21, the Ninth Amendment, and the Tenth Amendment remain the same, Plaintiff has modified the basis for her due process claims. In the First Amended Complaint, the only basis for a procedural due process claim was Plaintiff's daughter's right to pursue an education. (*See* FAC ¶ 59.) The Second Amended Complaint omits any allegations regarding the right to pursue an education and instead claims that the mask policy violates Plaintiff's and her daughter's rights to make healthcare decisions. (Second Amd. Compl. ("SAC") ¶ 80.)

Similarly, the only basis for a substantive due process violation pled in the First Amended Complaint was, again, Plaintiff's daughter's right to pursue an education. (FAC ¶ 65.) In an attempt to avoid dismissal, Plaintiff relied on the unpled theories that the mask policy violated her right to direct her daughter's upbringing as well as to make health care decisions for her daughter. (Opp. to Mot. to Dismiss at 12-19 (Dkt. 23).) Plaintiff's proposed Second Amended Complaint seeks to plead these alleged substantive due process violations, but only in the most conclusory of fashions. (SAC ¶ 84.)

Plaintiff's attempt to fix her Complaint so that it matches the arguments she made in opposing the Motion to Dismiss her Amended Complaint fails.

### **LAW & ARGUMENT**

While leave to file an amended complaint is generally to be freely given when justice so requires, proposed amendments that are futile and would cause undue prejudice should be denied. *See Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (quoting *Head v. Jellico*

*Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). A proposed amendment is futile if it could not withstand a 12(b)(6) motion to dismiss. *Bey v. Remondi*, No. 4:16CV0693, 2018 U.S. Dist. LEXIS 214299, at *6-7 (N.D. Ohio Dec. 20, 2018) (quoting *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014) and *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)); *Head*, 870 F.2d at 1123-24 (affirming denial of plaintiff's motion to amend the complaint where the amendment could not withstand a motion to dismiss). Plaintiff's proposed amendment is futile and will prejudice the Defendants by forcing them to file another motion to dismiss (for the third time).

None of the proposed amendments to Plaintiff's First Amended Complaint render Plaintiff's claims against Defendants viable. As set forth in Defendants' Motion to Dismiss (which Defendants incorporate fully as if set forth herein), there are neither factual nor legal grounds supporting Plaintiff's claim that the Mayfield Schools' mask policy violates her constitutional rights. Plaintiff's revised allegations in the Second Amended Complaint do not alter that conclusion.

For example, in opposing summary judgment Plaintiff argued that the mask policy violated her right to direct her daughter's upbringing and to make health care decisions for her daughter. In their Reply Brief, Defendants explained both that the First Amended Complaint lacked these allegations, and that, regardless, as a matter of law, Plaintiff could not establish that the mask policy infringed on her due process rights. (Reply Br. at 3-14 (Dkt. 24).)

As to Plaintiff's claim that her procedural due process rights are being violated, Plaintiff modifies the purported fundamental right that she claims was violated – from the ability to pursue an education to the right to make healthcare decisions. However, nothing has changed from the First Amended Complaint - Plaintiff still has not sufficiently identified any harm,

Plaintiff cannot pursue claims based on alleged harm to her daughter, and Plaintiff was not denied due process because she was given the opportunity to and did address the School Board before the School Board adopted the mask policy.

Plaintiff's modified procedural and substantive due process allegations do not provide any additional fact assertions that would push Plaintiff's claims into the realm of plausibility. Plaintiff's Second Amended Complaint simply asserts the same alleged due process violations (in conclusory fashion) that Plaintiff relied on in opposing dismissal. Putting these previously unpled allegations in the Second Amended Complaint does not render Plaintiff's claims or theories any more viable. Even Plaintiff acknowledges this, asserting that she did not intend to modify the substance of the claims against Defendants, she was simply putting in the Complaint certain unpled allegations upon which she relied in opposing dismissal. For all of the reasons set forth in Defendants' Motion to Dismiss and Reply (Dkt. 21, 24), Plaintiff's allegations and legal theories do not withstand scrutiny.

Granting leave to amend would also prejudice Defendants to the extent that they are required to move to dismiss Plaintiff's Complaint for the third time. While Plaintiff claims that the Court could simply decide the pending Motion to Dismiss first, there are procedural impediments to doing so. For example, if the Court grants Plaintiff leave to file the Second Amended Complaint, her First Amended Complaint is mooted. *See, e.g.*, *Russell v. City of Bellevue*, No. 3:20 CV 2859, 2021 U.S. Dist. LEXIS 73491, at *2 (N.D. Ohio Apr. 16, 2021) ("In response, Plaintiff filed a Second Amended Complaint (Doc. 8) and the parties agreed this mooted the motion."). Even if the Court grants the Motion to Dismiss, if it then allows Plaintiff to amend the Complaint, then Defendants would have to respond to the new pleading.

Defendants would, therefore, be required to expend time and resources yet again moving to dismiss.

Plaintiff has had a full and fair opportunity to present her constitutional claims to the Court. At some point, the pleadings must close. Because Plaintiff's proposed amendments do not fix her claims and would merely prolong the proceedings unnecessarily, that time is now.

## **CONCLUSION**

Because amendment would be futile and prejudicial, Defendants ask the Court to (1) deny Plaintiff leave to file a Second Amended Complaint and (2) dismiss the First Amended Complaint for all of the reasons set forth in Defendants' Motion to Dismiss.

    Respectfully Submitted,

*/s/ Thomas L. Feher*
Thomas L. Feher (#0038575)
Tom.Feher@ThompsonHine.com
Kyle A. Hutnick (#0095673)
Kyle.Hutnick@ThompsonHine.com
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 566-5500
Fax: (216) 566-5800

Stephanie M. Chmiel (#0087555)
Stephanie.Chmiel@ThompsonHine.com
**THOMPSON HINE LLP**
41 South High Street, Suite 1700
Columbus, Ohio 43215
Phone: (614) 469-3200
Fax: (614) 469-3361

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2021, a copy of the foregoing **Memorandum in Support of Defendants' Motion to Dismiss the Amended Complaint** was filed electronically with the United States District Court for the Northern District of Ohio. Notice was sent to Plaintiff at mayfieldparentsunion@gmail.com.

*/s/ Thomas L. Feher*
*One of the Attorneys for Defendants*