UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TERPSEHORE MARAS, | Case No: 1:21-CV-1711 |
| Plaintiff, | Hon. Solomon Oliver, Jr., U.S.D.J. |
| vs. | |
| MAYFIELD CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al, | FILED |
| Defendants. | FEB 14 2022 |
| | CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO CLEVELAND |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO AMEND AND FOR APPOINTMENT OF COUNSEL**

Plaintiff Terpsehore Maras
410 Superior Ave., #14597
Cleveland, OH 44114
Tel: (503) 430-0000
mayfieldparentsunion@gmail.com

## PRELIMINARY STATEMENT

Plaintiff Terpsehore Maras ("Plaintiff") does exactly what Defendants asks by removing P.M. from this action and seeking legal counsel. Not satisfied, they deploy the same sort of hyper-aggressive lawyering previously unmasked by Plaintiff. *See e.g.*, Plaintiff's Motion in Opposition to Motion to Dismiss, dated October 29, 2021 [Doc #23], n.6, at 9 (pointing out how Defendants improperly edited applicable authority); *Id.* at 17 (pointing out Defendants ignoring a directly applicable Sixth Circuit authority in favor of an inapplicable Sixth Circuit case and three unpublished district court decisions from New York, Connecticut, and Indiana).

What is most glaring about Defendants' opposition is the gross disregard for our school children. Plaintiff's papers raise serious concerns regarding the efficacy and safety of health policies implemented by Defendants. *See* Declaration of Terpsehore Maras, dated February 11, 2022, ¶ 5. Not for a single second does counsel even consider that their clients are wrong and real harm is being caused by their ineptitude. Instead, Defendants' use scorched earth *ad hominem*-laced attacks against a single mother. This desire to "win at any cost" runs against the grain of every lawyer's duty as an officer of the Court – **which is likely why one of the Governor's own lawyers withdrew as counsel in the Ohio Supreme Court action.**

Defendants can no longer hide from the truth. On December 29, 2021, the State of Ohio reported 20,320 new COVID-19 cases – its highest-ever number during the pandemic. Nevertheless, hospitals were not overwhelmed and deaths were not up. All of this is good news – concrete evidence that the virus has mutated to a much more transmissible **but less deadly strain.** In other words, the pandemic is clearly over. Rather than celebrate, Defendants are doubling down on their unconstitutional conduct – and simply ignoring the lack of efficacy and

-1-

safety in forced masks or in the harmful vaccines and boosters coerced on children using financial incentives. Plaintiff respectfully requests the Court disregard Defendants' ad hominem attacks and scorched earth tactics in favor of the applicable law and grant the requested relief.

## ARGUMENT

No matter how hard they try and massage the facts, Plaintiff has only filed a single Motion to Amend. **Her prior amendment was done as a matter of right.** Moreover, despite the brief-writing "mistakes" they now deploy to mislead the Court into thinking discovery has taken place, there has been **no discovery taken to date in this action**. *See* Defendants' Brief at 4 ("For example, **in opposing summary judgment Plaintiff argued** that the mask policy violated her right to direct her daughter's upbringing and to make health care decisions for her daughter.") (emphasis added). No summary judgment motion was ever filed.

Defendants concede there is no reason to deny the Motion to Amend based on factors of delay, curing previous deficiencies, lack of notice, etc. *See Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019). Defendants instead rely on the "futility" prong – their claim of "prejudice" given they believe they could file another Motion to Dismiss is absurd given such "prejudice" only comes into existence if Defendants were correct in their dismissal arguments in the first place. Defendants' MOL at 5 ("Granting leave to amend would also prejudice Defendants to the extent that they are required to move to dismiss Plaintiff's Complaint for the third time."). In any event, by no stretch of the imagination, can Plaintiff's compliance with the Rules give rise to "**undue prejudice**" – the actual standard. In other words, Defendants' "prejudice" and "futility" arguments are one and the same and fail for the same reasons their Motion to Dismiss should respectfully be denied. In fact, **their current**

opposition spends no time whatsoever discussing a directly applicable case cutting against their entire "futility" argument. In fact, their reply memorandum in the Motion to Dismiss only spent a few sentences in some bizarre response that certainly does nothing to mitigate the binding ruling in *Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396 (6th Cir. 2019).

### THIS COURT SHOULD RESPECTFULLY REFER THIS MATTER TO COUNSEL WILLING TO REPRESENT PLAINTIFF ON A PRO BONO BASIS

Plaintiff responds to Defendants' December 23, 2021 opposition with a Declaration demonstrating compliance with the Rules. Suffice it to say, Defendants' own opposition spells out why counsel should be referred in this matter – this is the exact sort of "exceptional" case that would benefit from the use of legal counsel.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion to Amend and for Appointment of Counsel; and that the Court grant what other relief it deems fair and just.

Respectfully submitted,

/s/ Terpsehore Maras
TERPSEHORE MARAS

Dated: February 11, 2022

## CERTIFICATE

I hereby certify that on this 11th day of February, 2022, a copy of the foregoing Reply Memorandum in Further Support of Plaintiff's Motion to Amend and Refer Counsel and Reply Declaration was filed with the United States District Court for the Northern District of Ohio. Notice was also sent to Defendants' counsel via email to: Tom.Feher@ThompsonHine.com.

I also certify that pursuant to L. Civ. R. 7.1(f), I have not been informed by the Clerk that this action has been assigned a track. Accordingly, in keeping with L. Civ. R. 7.1(f), Plaintiffs' Memorandum of Law does not exceed the page limitation for unassigned cases.

/s/ Terpsehore Maras
TERPSEHORE MARAS