UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| P.M., a Minor, By and Through Her Parent TERPSEHORE MARAS, *Pro Se*, | Case No.: 1:21 CV 1711 |
| Plaintiff | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| MAYFIELD CITY SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | |
| Defendants | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendants'—Mayfield City School District Board of Education (the "Board"), Mayfield City School District Superintendent Dr. Michael J. Barnes ("Superintendent Barnes"), and individual Board members Ron Fornaro, Sue Grozek, Al Hess, George Hughes and Jimmy Teresi (collectively, "Defendants")—Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion to Dismiss"). (ECF No. 21.) Also pending before the court is Plaintiff's—P.M., a minor, by and through her parent Terpsehore Maras ("Maras")—Motion to Amend her Complaint ("Motion to Amend") and Motion for Appointment of Counsel ("Motion for Counsel"), pursuant to Federal Rule of Civil Procedure 15(a) and 28 U.S.C. § 1915, respectively. (ECF No. 25). For the following reasons, the court grants Defendants' Motion to Dismiss (ECF No. 21) and dismisses Plaintiff's Amended Complaint (ECF No. 19), rendering Defendants' prior Motion to Dismiss (ECF

No. 7)—in regard to Plaintiff's original Complaint (ECF No. 1)—moot. Furthermore, for the following reasons, the court denies Plaintiff's Motion to Amend and Motion for Counsel (ECF No. 25), and denies Plaintiff's Motion for Permission to Utilize the Electronic Filing System. (ECF No. 12).

## I. BACKGROUND

### A. Factual Background

The following facts are adopted from Plaintiff's prior Complaint (ECF No. 1) and Motion for Temporary Restraining Order ("Motion for TRO") (ECF No. 3). In Plaintiff's present Amended Complaint (ECF No. 19), she reasserts her prior allegations, outlined in her first Complaint and Motion for TRO, while alleging additional violations of her daughter's constitutional rights, and attaching accompanying exhibits to support her allegations. (ECF No. 19.) Plaintiff's allegations are set forth below.

On September 3, 2020—as communities across the United States continued to struggle with the ongoing COVID-19 pandemic ("pandemic")—the Board duly approved and enacted Policy No. 8450.01 (the "Policy"). (*See* Def.'s TRO Opp'n at PageID #272, ECF No. 6–1.) In pertinent part, the Policy states, "[t]he Board may require that students shall wear a face mask unless they are unable to do so for a health or developmental reason. Efforts will be made to reduce any social stigma for a student who, for medical or developmental reasons, cannot and should not wear a mask." (*Id.*) On August 4, 2021, Superintendent Barnes and the Board, following the recommendations of the Ohio Departments of Education and Health ("ODE" and "ODH", respectively), issued a face mask recommendation for all students, staff, and visitors, that was consistent with the Centers for Disease Control and Prevention's ("CDC") guidance. (Mot. at PageID #531–32, ECF No. 21–1.) On August

5, 2021, the CDC—concerned with rapidly increasing COVID-19 cases— recommended universal masking for all students, teachers and faculty, regardless of their vaccination status. (*Id.*) Shortly thereafter, on August 20, 2021, pursuant to the Policy— and in accordance with CDC and ODH guidance and recommendations—Superintendent Barnes submitted a recommendation to the Board—that was later adopted on August 25, 2021, after a school board meeting and parental feedback—that the District implement a mask mandate for all students, teachers and faculty.

In the midst of these rapidly changing developments, Plaintiff, a resident of Mayfield whose child attends Mayfield City Public Schools, takes issue with the Board's implementation of the mask mandate. (Pls.' Mem. in Supp. for TRO at PageID #226, ECF No. 3.) In addition to highlighting perceived procedural errors by the District, Ms. Maras alleges that the District's mask policy causes immediate and irreparable health risks to students, staff, and the community at large. (*Id.* at PageID #228.)

**B. Procedural Background**

Plaintiff initiated this action on September 2, 2021, when she filed her Complaint (ECF No. 1) and Motion for TRO. (ECF No. 3). On September 13, 2021, the court issued its Order (ECF No. 10), denying Plaintiff's Motion for TRO. (ECF No. 3). Thereafter, Plaintiff filed her Amended Complaint (ECF No. 19)—the subject of the court's present Order—on October 1, 2021, alleging the following causes of action on behalf of her daughter: (1) violation under 42 U.S.C. § 1983 of Plaintiff's Procedural Due Process rights under the 5th and 14th Amendments (count one); (2) violation of 42 U.S.C. § 1983 for violation of Plaintiff's Substantive Due Process rights under the Fourteenth Amendment (count two); (3) violation of Plaintiff's Ninth Amendment rights (count three); (4) violation of Plaintiff's Tenth Amendment rights (count four); (5) violation of Ohio

Constitution Article I, § 21 (count five); (6) violation of Plaintiff's Procedural Due Process under Ohio Constitution Article I, § 16 (count six); and (7) violation of Plaintiff's Substantive Due Process rights under Ohio Constitution Article I, § 16 (count seven). (*See* ECF No. 19.)

Defendants filed their Motion to Dismiss (ECF No. 21) in regard to Plaintiff's Amended Complaint (ECF No. 19) on October 15, 2021. In response, Plaintiff filed her Declaration in Opposition (ECF No. 22) and Memorandum of Law in Opposition (ECF No. 23) on October 29, 2021. Defendants filed their Reply (ECF No. 24) on November 5, 2021. Subsequently, Plaintiff filed her Motion to Amend and Motion for Counsel (ECF No. 25) on December 16, 2021. Defendants filed their Opposition to Plaintiff's Motion for Counsel (ECF No. 26) on December 16, 2021, and their Opposition to Plaintiff's Motion to Amend (ECF No. 27) on December 29, 2021. Plaintiff filed her Reply (ECF No. 28) in support of both of her Motions (ECF No. 25) on February 14, 2022.

## II. STANDARDS OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) may take the form of either a facial or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks challenge the sufficiency of the pleading itself. *Id.* When adjudicating a motion to dismiss based upon a facial attack, the court must accept all material allegations of the complaint as true and must construe the facts in favor of the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). Factual attacks, by contrast, challenge the factual predicate for subject matter jurisdiction, regardless of what is or might be alleged in the pleadings. *Id.* With such a challenge, no presumption of truthfulness applies to the factual

allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Regardless of the type of attack, the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *See Giesse v. Sec'y of Dept. of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008). Lack of subject-matter jurisdiction is a non-waivable, fatal defect. *See Von Dunser v. Aronoff*, 915 F.2d 1071, 1074–75 (6th Cir. 1990).

Defendants' Rule 12(b)(1) challenge presents a factual attack on this court's subject matter jurisdiction with respect to Plaintiff's retaliation claim in Count II. (Defs.' Mem. in Supp. at PageID #111, ECF No. 4-1; *see also Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (explaining that "[a] factual attack challenges the factual existence of subject matter jurisdiction.") Accordingly, in deciding whether the court has subject matter jurisdiction over Barnes's retaliation claim in Count II, the court does not presume that Barnes's factual allegations in Count II are true, and is free to weigh evidence to confirm the existence of the factual predicates for subject matter jurisdiction. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

### B. Federal Rule of Civil Procedure 12(b)(6)

The court examines the legal sufficiency of a plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court clarified the law regarding what a plaintiff must plead in order to survive a motion made pursuant to Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on

its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### C. Motion to Amend

Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a matter of course" within the prescribed time period. In "all other cases," Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that, in the absence of factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit has further explained that "the case law in this Circuit manifests liberality in allowing amendments" to pleadings. *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citation and quotation marks omitted); *see also Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (holding district court did not abuse discretion by allowing amended answer after summary judgment motions had been briefed).

### III. LAW AND ANALYSIS

### A. Motion to Dismiss

-6-

In their Motion (ECF No. 21), Defendants assert two bases for dismissal of Plaintiff's Amended Complaint. First, Defendants argue that Plaintiff lacks standing to bring her action because it is well-settled in this Circuit that a *pro se* plaintiff may not bring an action on their child's behalf, stating that, "Plaintiff is not an attorney and she is thus prohibited from asserting a claim *pro se* on her daughter's behalf. This alone requires dismissal of the Complaint." (Mot. at PageID #533, 21-1.) Next, Defendants maintain that Plaintiff has failed to state a claim for relief under each of her causes of action. (*Id.* at PageID #535–543.) Plaintiff counters by asserting that she possesses standing to bring her case because "[a]s the mother of P.M., [she] is empowered to assert her own fundamental constitutional rights." (Mot. at PageID #578, ECF No. 23.) Next, she argues that her present allegations are well-pled and therefore sufficient to survive Defendants' Motion to Dismiss (ECF No. 21) because, "[t]he applicable 'plausibility standard' is certainly not akin to a 'probability requirement' . . . the test here is whether well-pled allegations give rise to plausible claims. Nothing more is needed, and such standard is respectfully met in this case." (*Id.* at PageID #582.) After reviewing the parties' arguments and relevant case law, the court finds Defendants' position well-taken.

**Standing**

As noted, Defendants argue that Plaintiff lacks standing because she cannot appear *pro se* and assert claims on behalf of her minor daughter. (Mot. at PageID #533, ECF No. 21-1.) To bolster their position, Defendants cite to numerous Sixth Circuit decisions where the court dismissed *pro se* parents' actions brought on behalf of their minor children. (*Id.* at PageID #533–34.) Plaintiff counters by contending that as the parent of her minor child, she is entitled to bring her daughter's claims. Moreover, Plaintiff states that, "[u]nder the authority of longstanding Supreme Court

precedent, Plaintiff can also assert fundamental liberty rights as regards the upbringing of her daughter derived from the Ninth Amendment given such rights are deeply rooted in the traditions and conscience of our people as to be ranked as fundamental." (*Id.*)

Courts have considered the issue of whether a *pro se* parent may assert their minor children's claims as one of standing. *See Sanders v. Palmer*, No. 09-10847, 2010 WL 1286473, at *4 (E.D. Mich. Mar. 31, 2010); *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). The Sixth Circuit has held that, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002.) The court has explained that, "[t]he rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015). Accordingly, courts have routinely dismissed actions brought by *pro se* parents asserting their children's claims. *See Moses v. Gardner*, No. 15-5971, 2016 WL 9445913 (6th Cir. May 24, 2016); *McCoy v. Akron Police Dep't*, No. 5:21 CV 51, 2021 WL 1857119 (N.D. Ohio May 10, 2021).

*E.B. by and through Bawidamann v. Northmont City School District Board of Education*, No. 3:21-cv-255, 2021 WL 4321146, at *1, 3 (S.D. Ohio Sept. 23, 2021) is illustrative of this principle. In that case, the *pro se* plaintiff brought claims on his children's behalf against the defendants, seeking declaratory relief to vacate and set aside the defendants' mask mandate and alleging various constitutional violations. *Id.* However, before even addressing the merits of the plaintiff's action, the court dismissed the case, holding that the plaintiff lacked standing to bring his action. *Id.* More specifically, the court stated that, "[a]ll of the claims in this action are brought, *pro se*, by a non-

-8-

attorney parent on behalf of his minor children. In such a situation, dismissal without prejudice is proper." *Id.* (internal citations omitted.)

Plaintiff's present case demands the same result. All of Plaintiff's claims are brought in her capacity as a *pro se* parent on behalf of her minor daughter. Therefore, under well-established precedent in this Circuit, Plaintiff lacks standing to bring her action, making dismissal appropriate. Furthermore, Plaintiff's argument—that she is entitled to bring this case as a parent—is unpersuasive because, "a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970–71. Because Plaintiff lacks standing, her action cannot proceed. Accordingly, the court need not address whether Plaintiff has alleged sufficient facts to state a plausible claim for relief to withstand Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 21.) Therefore, the court dismisses Plaintiff's Complaint (ECF No. 19).

**B. Motion to Amend**

Plaintiff seeks to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Mot. at PageID #632, ECF No. 25.) Plaintiff states that she "seeks leave to amend her Complaint to continue pursuing her action against the Ohio Governor" and "[to withdraw] previously asserted direct claims of Plaintiff's minor daughter and the addition of allegations regarding bullying carried on by teachers of Plaintiff's minor daughter." (*Id.* at PageID #635.) Defendants counter by arguing that Plaintiff seeks to amend her Complaint to omit any allegations regarding her daughter's right to pursue an education and to withstand dismissal by curing any perceived weaknesses in her allegations that were identified in Defendants' Motion to Dismiss (ECF No. 21). (Opp'n at PageID #742, ECF No. 27.) Moreover, Defendants state that, "[n]one of the proposed amendments to

Plaintiff's First Amended Complaint render Plaintiff's claims against Defendants viable. As set forth in [Defendants' Motion to Dismiss (ECF No. 21)], there are neither factual nor legal grounds supporting Plaintiff's claim that [Defendants'] mask policy violates her constitutional rights. Plaintiff's revised allegations in [her Second Amended Complaint] do not alter that conclusion." (*Id.* at PageID #743.) After reviewing the parties' arguments and relevant case law, the court finds Defendants' position well-taken for the following reasons.

Federal Rule of Civil Procedure 15(a) states that:

(a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>> (A) 21 days after serving it, or
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). After the court issued its Order (ECF No. 10), denying Plaintiff's Motion for TRO (ECF No. 3), Plaintiff simply filed her present Amended Complaint 29 days after her Original Complaint (ECF No. 1), in violation of Rule 15(a)(1), and before the court had addressed Defendants' prior pending Motion to Dismiss (ECF No. 7). It appears to the court that Plaintiff sought to survive Defendants' prior Motion to Dismiss (ECF No. 7) by amending her Complaint in an attempt to make her claims more plausible. Plaintiff appears to be doing the same now by seeking leave to amend her Complaint so that she may bolster her allegations in response to arguments raised by Defendants in their Motion to Dismiss (ECF No. 21). By doing so, Plaintiff is essentially playing a cat and mouse game with Defendants, using amended Complaints as a means to outmaneuver

Defendants and cure any perceived weaknesses in her claims. The court condemns this practice and denies Plaintiff's Motion to Amend (ECF No. 25) for the following reason.

While the court "should freely grant leave when justice so requires[,]" Plaintiff's second proposed amended Complaint (ECF No. 25-4) is futile because it cannot withstand a motion to dismiss, as it suffers from the same crucial flaw: that Plaintiff, appearing *pro se*, may not pursue claims on her daughter's behalf. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (stating that, "[a] proposed amendment is futile if the amendment could not withstand a motion to dismiss."). Plaintiff's addition of Governor Mike DeWine and subtraction of her Procedural Due Process claims do not push her allegations any closer to the plausibility threshold. Instead, Plaintiff simply reiterates her contention that Defendants' mask mandate not only poses a serious health risk to her daughter, but also violates her daughter's constitutional rights. (*See generally* Proposed Second Am. Compl., ECF No. 25-4.) However, courts in this Circuit have routinely held that plaintiff's substantive constitutional claims regarding school district mask mandates are unlikely to succeed on the merits. *See K.B. v. Calloway Cnty School Dist. Bd. of Educ.*, No. 5:21-cv-148 (TBR), 2021 WL 4888850 (W.D. Ky. Oct. 18, 2021) (dismissing the plaintiff's TRO order because plaintiff's constitutional claims were unlikely to succeed on the merits); *N.R. by and through Ratliff v. Pike Cnty School District Bd. of Educ.*, No. 21-78-HRW, 2022 WL 837724 (E.D. Ky. Mar. 17, 2022); *Lewandowski on behalf of T.L. v. Southgate Cmty. Schools Bd. of Educ.*, No. 21-12317, 2022 WL 125536 (E.D. Mich. Jan. 12, 2022). Thus, what remains of Plaintiff's second proposed Amended Complaint (ECF No. 25) is largely the same Complaint, and is futile in light of the court's present decision on Defendants' Motion to Dismiss (ECF No. 21). Accordingly, the court dismisses Plaintiff's Motion to Amend (ECF No. 25) because Plaintiff's second proposed

Amended Complaint (ECF No. 25-4) is futile.

**C. Motion for Appointed Counsel**

Next, Plaintiff requests that this court grant her counsel pursuant to 28 U.S.C. § 1915(d). (Mot. at PageID #638, ECF No. 25-1.) Plaintiff attaches a supporting Declaration (ECF No. 25-2) and states that she "is indigent and unable to afford legal counsel to pursue this matter. Moreover, this action involves complex issues and is the sort of 'exceptional' case that would benefit from the use of legal counsel." (*Id.*) Defendants counter on several bases. First, Defendants maintain that Plaintiff has not complied with Local Rule 83.10, specifically Appendix J—which provides that "[a] party requesting pro bono representation shall submit an Affidavit . . . to verify that the party cannot afford legal counsel in the case"—because Plaintiff has not submitted an affidavit verifying her indigent status. (Opp'n at PageID #736-37, ECF No. 26); *see also* N.D. Ohio L.R. 83.10, App. J. Second, Defendants argue that "Plaintiff has not identified any exceptional circumstances" justifying her appointment of counsel. (*Id.*) Finally, Defendants allege that Plaintiff is not in reality *pro se*, instead, Defendants suggest that Plaintiff is already utilizing professional legal services based on the quality of her pleadings—a practice known as "ghost writing"—and therefore appointing Plaintiff counsel in this case would be unnecessary. After considering the parties' arguments and relevant case law, the court finds Defendants' argument well-taken.

Appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citing *Mekdeci v. Merrell Nat'l Labs.*, 711 F.3d 1510, 1522 n. 19 (11th Cir. 1983). District courts possess broad discretion to appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1) (stating that, "[t]he court may request an attorney to represent any person unable to afford counsel."); *see also Reneer v. Sewell*, 975 F.3d 258, 261 (6th Cir. 1992)

(stating that, "[t]he appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in '"fundamental unfairness impinging on due process rights."'") (internal citations omitted). A district court's appointment of counsel to an indigent litigant in a civil case may be justified only by exceptional circumstances. *Lavado*, 992 F.3d at 606. In determining whether a case presents exceptional circumstances, courts consider "the type of case and the abilities of the plaintiff to represent himself" and the "complexity of the factual and legal issues involved." *Id.* Appointment of civil counsel is inappropriate when a *pro se* plaintiff's chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)). Reviewing Plaintiff's case, the court determines that this case does not present exceptional circumstances because plaintiff's chances of success are extremely slim. As previously noted, courts have routinely determined that a plaintiff's chances of succeeding on their constitutional claims challenging school districts' mask mandates are unlikely. *See supra* Part B. Furthermore, the court is not persuaded that this case presents exceptionally complicated legal issues because courts within this Circuit, and around the country, have held that similar and identical claims are not legally cognizable. *Id.* Accordingly, the court determines that Plaintiff's case does not present exceptional circumstances justifying the appointment of counsel under 28 U.S.C. § 1915(d). Thus, the court denies Plaintiff's Motion. (ECF No. 25).

**D. Motion for Permission to Utilize Electronic Filing**

Plaintiff moves for permission to utilize electronic filing, requesting that "the Court grant them access to the Court's Electronic Filing System so that they may enjoy the same rights as the defendants' attorneys and all other litigants who are afforded the opportunity to experience the time-

saving and cost-effective benefits associated with electronic filing." (Mot. at PageID #464, ECF No. 12.) In light of the court's ruling, Plaintiff's Motion is futile, as the case is dismissed for lack of jurisdiction and Plaintiff's Motion to Amend is denied. Additionally, the court notes that Plaintiff has previously abused the filing system by submitting hundreds of irrelevant documents to the clerk's office. Accordingly, the Motion (ECF No. 12) is denied.

## IV. CONCLUSION

For the foregoing reasons, the court grants Defendants' Motion to Dismiss (ECF No. 21) and dismisses Plaintiff's Complaint (ECF No. 19), rendering Defendants' prior Motion to Dismiss (ECF No. 7) moot. Furthermore, the court denies Plaintiff's Motion to Amend and Motion for Counsel (ECF No. 25) and Plaintiff's Motion for Permission to Utilize the Electronic Filing System (ECF No. 12).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 29, 2022